**In re Nicholas BAGLEY, III, Debtor.**

**Nicholas BAGLEY, III, Plaintiff,**

**v.**

**ROBERT SCOTT GORDON, INC. and the Sheriff of Delaware County and Hill's Auto Body, Defendants.**

**Bankruptcy No. 79–01860 G.**
**Adversary No. 79–0001 G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Oct. 18, 1979.

Delaware County Legal Assistance Association, Darby, Pa., Michael Donahue, Darby, Pa., for debtor/plaintiff.

Fox, Rothschild, O'Brien & Frankel, E. Gerald Donnelly, Jr., Philadelphia, Pa., for Robert Scott Gordon, Inc., defendant.

Christine Clark Bork, Media, Pa., for The Sheriff of Delaware County, defendant.

Jonathan H. Ganz, Havertown, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

This is the first adversary proceeding filed in this district under the Bankruptcy Reform Act of 1978. Since this opinion will be unencumbered by citations of precedents, we plunge into the uncontradicted facts: On September 21, 1979, Robert Scott Gordon ("Gordon"), a judgment creditor of the debtor, issued a writ of execution directing the Sheriff of Delaware County to levy on the debtor's 1977 Monte Carlo automobile. The Sheriff did so and directed Hill's Auto Body to tow the debtor's motor vehicle to Hill's premises pending sale.

On October 1, 1979, the debtor filed a voluntary petition requesting relief under Chapter 7 of the Bankruptcy Code and, in his schedules, claimed as his exemption, *inter alia*, his said automobile, valued at $2,500.00. On October 5, 1979, the debtor filed a complaint seeking (1) the avoidance of Gordon's lien; (2) an order directing the defendants to turn over to the debtor his exempt property, i. e., his motor vehicle.

Section 522(f) provides that

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien im-

pairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; . . .

Subsection (b) of § 522 provides that

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State Law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

We turn, then, to Section 522(d) of the Code which, in relevant parts, states that

The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

(2) The debtor's interest, not to exceed $1,200 in value, in one motor vehicle . .

(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.

Since the debtor claimed no exemption under paragraph (1) of subsection (d) he is entitled to claim as his exemption, not only his interest, "not to exceed $1,200 in value in one motor vehicle," as provided in § 522(d)(2) but also his "aggregate interest, not to exceed in value $400, plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property," as stated in § 522(d)(5).

▮ It is therefore clear that the debtor is entitled to his automobile as part of his exemption. Having claimed it, his complaint to avoid the lien which would impair his exemption must be granted. Since it was the defendant, Gordon, who caused the Sheriff to take possession of the vehicle, and since it was the Sheriff who directed the remaining defendant, Hill's Auto Body, to tow the debtor's car, the debtor is not responsible to Hill for the towing or storage charges.

### ORDER

And now, to wit, October 18, 1979, after trial, it is ORDERED and DECREED that

(1) the debtor's 1977 Monte Carlo automobile is exempt under 11 U.S.C. §§ 522(b), (d)(2) and (5);

(2) since the debtor's ability to enjoy said exempt property is impaired by the judicial lien against said property placed thereon by the defendant, Robert Scott Gordon, Jr., said lien is hereby avoided pursuant to 11 U.S.C. § 522(f)(1);

(3) since the towing, storage or other costs incident to the imposition of said judicial lien are further judicial liens pursuant to Pa.R.C.P. 3138(a) which additionally impair the debtor's exempt property, said towing, storage or other costs are hereby avoided;

(4) the defendants are directed to surrender the debtor's 1977 Monte Carlo motor vehicle to the debtor.