**In the Matter of Billy Frank BOOZER, Stella Louise Boozer, Debtors.**

**Billy Frank BOOZER and Stella Louise Boozer, Plaintiffs,**

v.

**KENNESAW FINANCE CO., Defendant.**

**Bankruptcy No. 80–0021R.**

United States Bankruptcy Court,
N. D. Georgia,
Rome Division.

May 23, 1980.

Emory L. Clark, Clark & Rubin, P. C., Decatur, Ga., for Billy Frank Boozer, Stella Louise Boozer.

Joseph J. Anthony, Franklin, Ga., for Kennesaw Finance Co.

## ORDER

HUGH ROBINSON, Jr., Bankruptcy Judge.

A. "Complaint to Avoid Section 522 Lien" filed by Plaintiffs Billy Frank Boozer and Stella Louise Boozer on February 29, 1980 initiated the above-styled adversary proceeding. This matter came on regularly to be heard before this Court on March 26, 1980. The Court having considered the pleadings and briefs in the case file and having heard the arguments of the parties, makes the following entry:

## FINDINGS OF FACT

1. On January 9, 1980, Billy Frank Boozer and Stella Louise Boozer (hereinafter referred to as "Plaintiffs") filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code.

2. A "Complaint to Avoid Section 522 Lien" was filed by Plaintiffs on February 29, 1980.

3. A hearing on this matter was held before this Court on March 26, 1980.

4. Plaintiffs borrowed money from defendant Kennesaw Finance Company (hereinafter referred to as "Defendant").

5. As security for the debt, a security agreement was entered into granting Defendant a security interest in Plaintiffs' personal property which consisted of household furnishings, household goods and appliances.

6. As of the date of filing the bankruptcy petition the amount of defendant's claim was approximately $760.00.

7. Plaintiffs seek to exempt the aforementioned household furnishings, household goods and appliances pursuant to section 522(d)(3) of the Bankruptcy Code. Plaintiffs also want to utilize Section 522(d)(5) of the Bankruptcy Code to exempt any interest they have in said properties which exceeds $200.00 in value.

8. Defendant contends that any interest of plaintiffs' in the household goods, household furnishings and appliances which exceed $200.00 in value may not be exempted under Section 522(d)(5) of the Bankruptcy Code.

## APPLICABLE LAW

Plaintiffs are seeking to exempt the property involved herein pursuant to Section 522(d) of the Bankruptcy Code. A debtor may choose to exempt property under this Section unless prohibited from doing so by State Law. Section 522(b)(1) provides:

"(b) Notwithstanding Section 541 of this title an individual debtor may exempt from property of the estate either—(1) property that is specified under subsection (d) of this section, unless the State Law that is applicable to the debtor under Paragraph (2)(A) of this subsection specifically does not so authorize; . ."

The Georgia Legislature passed Senate Bill 249 which prohibits a debtor from utilizing the provisions of Section 522(d) of the Bankruptcy Code in connection with exempting property from his or her estate. Ga.Code Ann. § 51–1601. Section 6 of Senate Bill 249 provides that this Act become effective upon its approval by the Governor or upon its becoming law without his approval. The Governor of Georgia approved this legislation on March 24, 1980.

■ Paragraph 2(A) of Section 522(b) indicates that the State Law which governs the exemption of property is that which is in effect on the date the bankruptcy petition was filed. The pertinent part of this section reads:

"(b) Notwithstanding Section 541 of this Title, an individual debtor may exempt from property of the estate either . . (2)(A) any property that is exempt under Federal Law, other than subsection (d) of this section, or State or Local Law that is applicable on the date of the filing of the petition . . ."

It was held in *In Re: Crump,* 2 B.R. 222, 1 CBC 2d 378 (S.D.Fla.1980) that the value and status of exempt property is determined as of the date the bankruptcy petition is filed.

When Plaintiffs filed their petitions there was no State Law in existence prohibiting them from choosing to exempt property pursuant to Section 522(d). In 3 *Collier on Bankruptcy* (15th Edition) Paragraph 522.-02, p. 522–11 it is said:

"Representative Butler, accompanying the House vote remarked that Section 522(d)(1) should be construed to allow states to exercise the veto power only by affirmative act i. e., as a specific prohibition against such a choice. The state may not exercise a veto by failure to act."

■ Because at the time Plaintiffs filed their bankruptcy petition the Ga. Legislature had not enacted legislation prohibiting debtors from exempting property under Section 522(d), the Court concludes that the Plaintiffs involved herein may exempt property under Section 522(d) of the Bankruptcy Code.

Under Section 522(d)(3) of the Bankruptcy Code a debtor may exempt his interest, not to exceed $200.00 in value in any particular item, in household furnishings, household goods, appliances and other specifically enumerated items that are held primarily for the personal, family and household use of the debtor or a dependent of the debtor. Defendant does not dispute the Plaintiffs' right to this exemption. However, Plaintiffs want to exempt any interest in their household goods, household furnishings and appliances under Section 522(d)(5) of the Bankruptcy Code.

Section 522(d)(5) reads:

"(d) The following property may be exempted under subsection (b)(1) of this section: . . . (5) the debtor's aggregate interest, not to exceed in value $400.00 plus any unused amount of the exemption provided under Paragraph (1) of this subsection, in any property."

Defendant contends that Plaintiffs may not use the spillover exemption provided for in Section 522(d)(5) to exempt Plaintiffs' interest in household goods, household furnishings or appliances which exceeds $200.00 in value.

■ According to the terms of Section 522(d)(5), the exemption provided therein may be applied to any property. There is no limitation or restriction of any kind with regard to the type of property which may be exempt under this section.

Although case law concerning this issue is sparse, the Courts which have interpreted Section 522(d)(5) have given it a liberal construction. In the case of *In Re: Bagley*, 1 B.R. 116, 5 B.C.D. 901 (E.D.Pa.1979) the debtor was allowed to exempt a car valued at $2,500.00. The Court permitted the debtor to use the allowance in Section 522(d)(5) to exempt the excess value over the $1,200.00 exemption in one motor vehicle provided for in Section 522(d)(2).

In the case of *In Re: Upright*, 1 B.R. 694, 5 B.C.D. 1124 (N.D.N.Y.1979) the debtor was allowed to use Section 522(d)(5) to exempt business inventory. The court held that there was no limitation in Section 522(d)(5) with respect to the character of the property eligible for the spillover exemption.

■ The Court agrees with the holding of *In Re: Bagley*, supra and *In Re: Upright*, supra and accordingly concludes that Plaintiffs may exempt their interest in the household goods, household furnishings and appliances which exceeds $200.00 in value under Section 522(d)(5) of the Bankruptcy Code.

■ The Court must now determine whether Plaintiffs may avoid defendant's lien on the property involved herein under

Section 522(f)(2)(A) of the Bankruptcy Code. The pertinent part of Section 522(f)(2)(A) reads:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(2) A nonpossessory, nonpurchase—money security interest in any—

(A) Household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household of the debtor or a dependent of the debtor; . . . ."

The Court notes that this section has been strictly construed by the courts. In the case of *In Re: Ruppe*, 3 B.R. 60, 1 C.D.C.2d 479 (D.Colo.1980) it was held that the debtor could not avoid liens on a camera, a slide projector and a movie projector because they were not household goods, household furnishings or appliances within the meaning of Section 522(f)(2)(A).

It has been held that a car is not a household good under Section 522(f)(2)(A). *In Re: Abt*, 2 B.R. 323, 1 C.B.C.2d 374 (E.D.Pa.1980). In that case the debtor was not allowed to avoid a lien on a car that was claimed as exempt.

It is undisputed that the property involved in the instant case consists of household goods, household furnishings and appliances. Therefore, plaintiffs may avoid Defendant's lien to the extent the lien impairs the exemptions to which Plaintiffs are entitled under Section 522(b) of the Bankruptcy Code.

## CONCLUSIONS OF LAW

1. The law to be applied to determine the character and amount of property which may be exempted is that which is in effect on the day the Bankruptcy Petition is filed.

2. On the day Plaintiffs filed their bankruptcy petition there was no law in exist-

ence in the State of Georgia prohibiting debtors from exempting their property under Section 522(d) of the Bankruptcy Code. Therefore, Plaintiffs may exempt property pursuant to Section 522(d) of the Bankruptcy Code.

3. The exemption provided for in Section 522(d)(5) of the Bankruptcy Code may be used to exempt property of any character.

4. Plaintiffs may utilize Section 522(d)(5) to exempt their interest in the household furnishings, household goods and appliances which exceeds $200.00 in value.

5. As the property involved herein consists of household goods, household furnishings and appliances, the Plaintiffs may avoid defendant's nonpossessory, non-purchase-money security interest and said property to the extent that this security interest impairs the exemptions to which Plaintiffs are entitled. It is therefore

ORDERED that Plaintiffs may, in accordance with Section 522(d)(3) of the Bankruptcy Code exempt their household goods, household furnishings, and appliances in which their interest does not exceed $200.00 in value in any particular item; and

IT IS FURTHER ORDERED that the Plaintiffs may utilize Section 522(d)(5) to exempt their interest in said property which exceeds $200.00 in value in any particular item; and

IT IS FURTHER ORDERED that Plaintiffs may avoid Defendants' security interest in the household furnishings, household goods and appliances pursuant to Section 522(f)(2)(A) to the extent that said security interest impairs the exemptions which Plaintiffs are entitled.