In re Alonzo Alexander BUTLER and
Pamela Margaret Butler, Debtors.

Alonzo Alexander BUTLER and Pamela
Margaret Butler, Plaintiffs,

v.

GENERAL ELECTRIC CREDIT CORPO-
RATION and Vermont Federal Savings
and Loan Association and Sandler's De-
partment Store (Central Credit Control,
Inc.) and Metro Inc., t/a Colony Credit
Co., Defendants.

Bankruptcy No. 79-2-2081-L.
Adv. No. 80-0080.

United States Bankruptcy Court,
D. Maryland.

July 28, 1980.

Richard M. Pfeffer, Legal Aid Bureau, Inc., Baltimore, Md., for debtors.

Robert J. Parsons, Rogers, Moore & Rogers, Baltimore, Md., for Vermont Federal Sav. and Loan Ass'n.

## MEMORANDUM OPINION AND ORDER

HARVEY M. LEBOWITZ, Bankruptcy Judge.

On March 27, 1980, the joint debtors filed a First Amended Complaint to declare existing judgment liens to be null and void under 11 U.S.C. § 522(f)(1) on the basis that the liens impaired exemptions to which the debtors would have otherwise been entitled under 11 U.S.C. § 522(b). The judicial liens involved in this case were all obtained by judgments rendered, enrolled and recorded both prior to and after November 6, 1978, but prior to the filing of the voluntary petition by the debtors in this court. Answers to the Complaint were duly filed by the defendants, Vermont Federal Savings and Loan Associates and General Electric Credit Corporation. No answers were filed by the other defendants. Neither Answer asserts any defenses regarding the constitutionality of a retrospective application of 11 U.S.C. § 522(f)(1) to the judgments which are sought to be avoided in these proceedings. A hearing was held on May 8, 1980 at which time arguments were presented by counsel for the plaintiffs and counsel for Vermont Federal. None of the other defendants appeared either in person or by counsel. On motion of the plaintiff, the claim against the defendant Metro, Inc. t/a Colony Credit Co. was dismissed since that judgment had been satisfied on March 7, 1977. The arguments presented dealt solely with the provisions of 11 U.S.C. 522(f)(1), its interpretation, and whether the requirements of that section had been met. No constitutional issues were either raised, briefed, or argued by the parties. The court asked counsel if they would desire an opportunity to submit memoranda of law, but they declined. Notwithstanding the fact that the court had issued its ruling from the bench, at the conclusion of the hearing, counsel for the plaintiffs requested a written opinion of this court. This opinion is issued pursuant to that request.

■ The debtors, to obtain the requested relief, have the burden of proof to demonstrate that (1) they have exemption rights that have been allowed, (2) that there are existing judgments which constitute judicial liens, (3) that such judicial liens will impair their exemption rights, and (4) as a matter of law the debtors are entitled to have such judicial liens avoided under the language of § 522(f)(1).

■ Due to the seriousness of their impact, it is this court's conviction that constitutional questions should be decided only after they have been properly raised and fully argued and briefed. Since this was not done in the present case, the court, in this opinion, will make no determinations with respect to the constitutionality of the retroactive application of 11 U.S.C. § 522(f)(1) to judicial liens obtained prior to November 6, 1978, the enactment date of the Bankruptcy Code, Pub.L. 95–598, 92 Stat. 2549.

There is no dispute as to the following facts supporting the first three elements listed above. The Butlers have selected the federal exemptions, 11 U.S.C. § 522(b)(1) and have claimed as exempt, on Schedule B–4, *inter alia*, $15,000 in equity in residential real property located at 4839 Wilern Avenue, Baltimore, Maryland 21215, $7,500 per debtor. The Trustee has abandoned any interest that the estate may have had in the property. The Order for Meeting of Creditors, etc., entered in this case on January 17, 1980, provided in part that "[u]nless the court extends the time, any objection to the debtor's claim of exempt property (Schedule B–4) must be filed within 15 days after the above date set for the meeting of creditors", which was scheduled for February 26, 1980. No extensions of time were requested, no objections to the exemptions were filed, and the Trustee has allowed this exemption in his Report of Exempt Property filed on March 12, 1980. The court, accordingly, finds that the exemptions tak-

en in this case in the amount of $15,000 for the value of the debtors' interest in their homestead have not been objected to and have been properly allowed under § 522(d)(1).

The following judgments were rendered against the debtors in the District Court of Maryland, District 1, Baltimore City:

(a) A judgment for $631.08 damages and $15.00 court costs was obtained by Sandler's Department Store (Central Credit Control, Inc.) on June 11, 1979 and recorded on June 27, 1979 (Case Number CV 19035–79).

(b) A judgment for $1,231.65 damages, $19.00 court costs and $184.65 attorney's fees was obtained by General Electric Credit Corporation on November 16, 1979 and recorded on November 26, 1979 (Case Number CV 21920–79).

(c) A judgment for $747.75 damages, $22.00 court costs and $75.00 attorney's fees were obtained by Vermont Federal Savings and Loan Association on January 30, 1976 and recorded on February 17, 1976 (Case Number CV 4–75).[1] Copies of the respective judgments were introduced into evidence at the hearing.

It is apparent from this evidence, and the court so finds, that the above judgments were in existence when the debtors filed their joint petition on December 10, 1979.

Judicial lien is defined by 11 U.S.C. § 101(27) as a "lien obtained by judgment, levy, sequestration or other legal or equitable process or proceeding." Since a lien predicated upon the rendition or entry of a judgment did not exist at common law, a judgment is not, in and of itself, a lien on either real or personal property. In Maryland the right a judgment creditor has

to a lien is wholly statutory.[2] *Liquor Dealers v. Comptroller*, 241 Md. 656, 661, 217 A.2d 571, 574 (1965); *Caltrider v. Caples*, 160 Md. 392, 394, 153 A. 445 (1931). Furthermore, a judgment creates a lien on real property only because the land is made liable, by statute and by rule, to be seized and sold on execution. *Liquor Dealers v. Comptroller, supra.* Consequently, since property held as tenants by the entirety cannot be seized and sold on a judgment against the husband, *Jordan v. Reynolds*, 105 Md. 288, 293–4, 66 A. 37, 38 (1907), only a judgment obtained against both husband and wife arising out of a joint obligation may be satisfied by execution upon property held as tenants by the entirety. *State v. Friedman*, 283 Md. 701, 707, 393 A.2d 1356, 1359 (1978). The judgments obtained by the defendants herein were all properly entered and recorded in Baltimore City where the real property of the debtors is located. Since each of the defendants' judgments is a joint judgment, each judgment is a judicial lien against and may be satisfied from the residence of the debtor, 4839 Wilern Avenue, which they own as tenants by the entirety, as reflected by Schedule B–1, and in which they have claimed a joint exemption of $15,000 in value.

The debtors' residence was appraised on December 18, 1979, by VMI Servicing Corporation by the market data approach as having a fair market value of $17,500. The Virginia Mortgage Insurance Company holds a mortgage on the property with a total amount presently due and owing of $10,717.74 (scheduled on A–2 in the amount of $10,824.23), excluding accruing interest and the expenses of a foreclosure action. The equity remaining to the debtors in the property, approximately $6,700, does not ex-

---

1. The debtors contend, in paragraph 6a of their First Amended Complaint, that the balance due Vermont Federal Savings and Loan Association was "alleged by Vermont Federal to be $795.42," and although there may be a variance, it is immaterial to the outcome of this proceeding.

2. In Maryland, if indexed and recorded as prescribed by the Maryland Rules or the Maryland District Rules, a judgment of a court constitutes a lien to the amount and from the date of

the judgment on the judgment debtor's interest in land located in the county, or Baltimore City, in which the judgment was rendered. Md.Ann. Code, CJ § 11–402(b) (1980 Repl. Vol.); Md. Rules 619, 620 (1977 Repl.Vol.); Md. District Rules 619, 620 (1977 Repl.Vol.). In Maryland, in order to obtain a lien on personal property, a writ of execution on a money judgment must be obtained and an actual levy must be made. Md.Ann.Code, CJ § 11–403 (1980 Repl.Vol.).

ceed the claimed exemption of $15,000. Consequently, if the judicial liens held by the defendants against the residence were to be executed upon in order to satisfy their judgments, from the debtors' equity in the property, the debtors' exemption would be reduced to the extent of the aggregate amount of these judgments, or $2,926.13 plus interest. The court, therefore, finds that each of the defendants' judgments to the full extent of such judgment impairs the debtors' exemption.

The only issue presented to the court is whether, as a matter of law, the debtors are entitled to an avoidance of these judicial liens under the language of 11 U.S.C. § 522(f)(1). Section 522(f) of the Code provides in part that

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien; . . .

In its Answer, Vermont Federal Savings and Loan Association cited several cases in support of the proposition that the setting aside of a debtor's homestead as exempt and the debtor's subsequent discharge in bankruptcy did not relieve the exempt property from the operation of judgment liens. None of the cases cited by Vermont Federal Savings and Loan Association is applicable under the circumstances present in the instant case. All of the cases relied upon by Vermont Federal Savings and Loan Association were decided prior to the enactment of the Bankruptcy Code. The Bankruptcy Code differs substantially from the Bankruptcy Act of 1898, as amended (the "Act"). Under the Act, the avoidance powers were in the Trustee for preferential transfers and fraudulent conveyances. §§ 60(b) and 67(d) of the Bankruptcy Act, 11 U.S.C. §§ 96(b) and 107(d). Although

these same avoidance powers have been, with some modification, carried over into the Code, 11 U.S.C. §§ 547(b) and 548(a), the Code now establishes a new and innovative avoidance power which may be initiated by the debtor under 11 U.S.C. § 522(f). The doctrine advanced by the cases cited by Vermont Federal Savings and Loan Association may continue to be the rule but only to the extent that the lien has not been, or could not have been, avoided by the Trustee under his avoidance powers or by the debtors pursuant to the avoidance power now granted to them under 11 U.S.C. § 522(f). However, in the instant case, the debtors have asserted their power to void the judicial liens by filing the complaint in these proceedings. It should be noted that § 522(f) does not provide for any time limitation within which a judicial lien may be avoided. *Cf.* 11 U.S.C. §§ 547(b) and 548(a) (generally, 90 days and one year, respectively.)

█ It should be pointed out that there does exist a difference, under the Code, in the operation of the Trustee's and the debtor's avoidance powers.

> When a lien is voided pursuant to the trustee's avoiding powers, the lien remains void after deducting the value of the exemption protected under section 522(c), even though the value of the property that is exempted is less than the total value to which the lien is attached. When the debtor avoids the fixing of a lien pursuant to section 522(f), however, the lien, is avoided only to the extent of the exemption, and the value of the lien that exceeds the amount that is exempted may still be enforced by the creditor.

3 Collier on Bankruptcy ¶ 522.29 at 522–68 (15th ed. 1979). It therefore follows, that under the circumstances of this case as set out above, where the total amount exempted for the debtors' interest in the residence exceeds the total value of the judicial liens, the liens are to be avoided in their entirety.[3]

---

**3.** Several courts have avoided judicial liens. *In re Nicholas Bagley, III,* 5 B.C.D. 901, 1 B.R. 116, 1 C.B.C.2d 1, 3 C.C.H. Bkr.L.Rptr. ¶ 67,243 (Bkrtcy.E.D.Pa.1979) (lien on automobile

obtained by judgment, execution, and levy was avoided); *In re Blecker,* 1 C.B.C.2d 681, 3 C.C.H. Bkr.L.Rptr. ¶ 67,388 (S.D.Fla.1980) (where homestead property is exempt under

Upon the foregoing facts, the court finds that by clear language of § 522(f)(1) the defendants' judgment liens in their entirety are avoidable by the debtor. In holding that the liens obtained by the defendants are void, this court reiterates that it has not been called upon to consider or to address the constitutionality of § 522(f).

It is therefore hereby

ORDERED, that the liens obtained by the judgments in favor of Sandler's Department Store (Central Credit Control, Inc.) in case number CV 19035–79, General Electric Credit Corporation in case number CV 21920–79, and Vermont Federal Savings and Loan Association, in case number CV 4–75, against the debtors Alonzo and Pamela Butler in the District Court of Maryland for Baltimore City, are null, void, and of no force or effect.

state law, debtor may avoid lien of recorded judgment against such property); *In re Naples v. London,* —— B.C.D. ——, —— C.B.C.2d ——, 3 C.C.H. Bkr.L.Rptr. ¶ 67,422 (D.Conn.1980) (debtor may avoid judicial lien, no matter when lien was filed, to the extent lien impairs exemption for interest in residence).