In re Sandra TURSI a/k/a Sandra J. Tursi, Debtor.

**GREAT AMERICAN CREDIT CORPORATION, Plaintiff,**

v.

**Sandra TURSI, and Trustee in Bankruptcy, Defendant.**

**Bankruptcy No. 81–00089G.**
**Adv. No. 81–0049G.**

United States Bankruptcy Court, E. D. Pennsylvania.

March 11, 1981.

Samuel L. Spear, Meranze, Katz, Spear & Wilderman, Philadelphia, Pa., for plaintiff, Great American Credit Corp.

Jerome N. Gerenson, Philadelphia, Pa., for debtor/defendant, Sandra Tursi, a/k/a Sandra J. Tursi.

Leonard P. Goldberger, Philadelphia, Pa., Trustee.

**452**

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

█ Far from being a model of clarity, counsel for both litigants have committed numerous procedural and substantive errors in the preparation of the pleadings and the trial of this simple case. The issue to be determined by the court is whether we should modify the automatic stay imposed by § 362(a) of the Bankruptcy Code ("the Code"). Since § 541(a) provides that the commencement of a case creates an estate, it is mandatory that the trustee be named as a party defendant. He was not. Hence an essential party to this litigation was never made part of it.

█ Instead, it was not until the filing of the original and two amended complaints (in none of which the trustee was even mentioned by the plaintiff) that the *defendant, mirabile dictu*! joined a nameless "Trustee in Bankruptcy" as an additional defendant. There is no authority in law for the defendant to do this and we could dismiss this case on that ground alone.

But, the plaintiff having failed to object to the sudden and unauthorized appearance in the caption of the trustee, we have determined to dispose of this case as though all of the necessary parties were properly before us. We do this because the substantive evidence presented by the plaintiff is so inadequate that the trustee's rights are unaffected.

The facts of the instant case are as follows:[1] On January 25, 1979, Sandra J. Tursi ("the debtor") purchased with her husband, Louis R. Tursi, as tenants by the entirety, a home at 1084 Randolph Drive, Yardley, Pennsylvania. The debtor and her husband granted a first mortgage on that property to Commonwealth Federal Savings and Loan Association ("the first mortgagee") and a second mortgage to Great American Credit Corporation ("the second

mortgagee"). On January 8, 1981, the debtor filed a petition for relief under chapter 7 of the Code.[2] Thereafter, the second mortgagee filed an original and an amended complaint for relief from the automatic stay provisions of § 362(a) of the Code. None of them, as we have stated, even mentioned the trustee in bankruptcy.

█ At the trial, the second mortgagee offered evidence, through the testimony of one of its employees (who was no expert appraiser) that, in his opinion, the property in question is worth no more than $100,000, that he had learned by phone that the balance due the first mortgagee is about $88,300, and that the balance due the second mortgagee is $15,800 plus costs. However, on cross-examination, the witness admitted that his valuation of the property was based on an examination of the property made two years previously and that he had no personal knowledge of the amount of the first mortgage debt other than the fact that he had been told, in a telephone conversation with one of the first mortgagee's employees, that it is about $88,300. (This blatant hearsay met with no motion to strike by the debtor.)

In light of the inadequacy of this opinion evidence and the hearsay testimony, we discount the testimony given by the second mortgagee's witness with respect both to the present fair market value of the property and the amount due on the first mortgage.

The evidence offered by the debtor was equally incompetent and unconvincing. The debtor's evidence consisted of the testimony of two real estate sales representatives, neither of whom was a qualified, licensed real estate appraiser nor had either had more than five years experience in the business of selling real estate. Both of those witnesses testified that the present value of the property is $117,900 and that, with only $1,000 worth of cosmetic repairs, it would be worth $125,900. While their

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Mrs. Tursi was not joined in her petition by her husband who apparently disappeared in July of 1980.

evaluation of the property was based on recent inspections of the property, as well as comparisons of sales of other properties in the development in which this property stands, we find their testimony unconvincing. The comparison properties upon which the witnesses relied in fixing a value on the debtor's property are apparently newer homes and the witnesses testified that even these newer properties are not bringing the asking price of $119,000. The debtor also offered evidence (amazingly without objection) in the form of a letter from the first mortgagee, that the amount of the first mortgage debt was $78,000 as of September 4, 1980, (which was 5 months prior to trial). However, not a word (or letter) of evidence was offered by the debtor as to the amount of the first mortgage debt at the time of trial (which is, of course, the only relevant date).

Because we are totally unconvinced by the evidence presented by both parties to this controversy, our findings and conclusion must depend on who had the burden of proof and failed to sustain it. Section 362(d) of the Code specifies the grounds on which relief from the stay is available:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Section 362(g) allocates the burden of proof of each of the above elements as follows:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

As noted above, we have found the evidence offered by both parties to be totally inadequate. However, since the burden of proof on the issue of the debtor's equity in the property is on the party seeking the relief (the second mortgagee) and since it has failed to sustain that burden, it is not entitled to relief from the stay under § 362(d)(2) since the debtor's lack of equity is an essential element thereunder.

■ Furthermore, we conclude that the second mortgagee is not entitled to relief from the stay under § 362(d)(1) either for cause or for lack of adequate protection. While the second mortgagee alleged in its complaint that the debtor is in default on her payments to it, which would be "cause" for modifying the stay, the debtor, in her answer, defined that allegation and the second mortgagee offered no evidence at trial to support that assertion. Although under § 362(g)(2) the debtor has the burden of proof on the issue of "cause", the second mortgagee has the burden of going forward with evidence in the first instance to establish that there are some facts to support its allegation of "cause". A mere general allegation in its complaint, which has been denied by the debtor, is not enough to require the debtor to shoulder its burden of proof. This is particularly so in the instant case where the second mortgagee had only to offer its records into evidence to support its allegation of default.

In addition, the only allegation which the second mortgagee made in support of its conclusion that its interest is not adequately protected was that the debtor lacked equity in the property. Since, as we found above, the second mortgagee has failed to sustain its burden of proof on the issue of the debtor's lack of equity, we conclude that the second mortgagee is not entitled to relief from the automatic stay under § 362(d)(1).

■ The second mortgagee erroneously asserted at the trial that if it does not obtain relief from the stay it will be seriously injured because the property cannot be sold to pay off the debtor's creditors

since it is owned by the debtor and her husband as tenants by the entirety and the debtor's husband has disappeared. We disagree with this conclusion as a matter of law. The second mortgagee obviously overlooked the provisions of the new Bankruptcy Code. Under § 363(h) of the Code, the trustee may sell property owned by a debtor and the debtor's spouse as tenants by the entirety under certain circumstances.[3] Therefore, the second mortgagee may be able to look to such a sale for a recovery of its debt. In addition, the trustee may abandon that property under § 554[4] if he determines that there is no equity in the property for unsecured creditors and that a sale under § 363(h) would not be advisable. Where such an abandonment occurs, the second mortgagee may, of course, proceed with foreclosure.

■ The debtor also raised a contention at trial and in her brief which we believe must be addressed here. That contention was that the debtor was entitled to take her $7,500 exemption in real property under § 522(d)(1) *prior* to the payment of the mortgages on that property. This contention is entirely without merit. It appears that the debtor is erroneously relying on § 522(f)(1) of the Code which provides:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

> (a) a judicial lien—.

It is clear that only judicial liens are avoidable under that section. The Code defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(27). A mortgage does not fall within that category. *In re Ballard*, 5 B.R. 570 (E.D.Va.1980); *In re Boteler*, 5 B.R. 408 (S.D.Ala.1980); *In re Butler*, 5 B.R. 360, 6 B.C.D. 768 (D.Md.1980). All of the cases which the debtor cites involve judicial liens, not mortgages, and are consequently inapposite.

---

3. Section 363(h) provides:
> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
> > (1) partition in kind of such property among the estate and such co-owners is impracticable;
> > (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> > (3) the benefit to the estate of a sale of such property free of the interests of co-own-

ers outweighs the detriment, if any, to such co-owners; and
> > (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or if natural or synthetic gas for heat, light, or power.
> 11 U.S.C. § 363(h).

4. Section 554 provides, in part:
> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate.
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value of the estate.