In re Wilbert Leroy JOHNSON, Gloria Constantia Johnson, Debtors.

Wilbert Leroy JOHNSON, Gloria Constantia Johnson, Plaintiffs,

v.

FIRST AND MERCHANTS NATIONAL BANK, Defendant.

Bankruptcy No. 79–11821.
Adv. No. 81–0214.

United States Bankruptcy Court,
D. Maryland.

March 19, 1982.

William Simmons, Rockville, Md., for debtors/plaintiffs.

John P. Van Beek, Washington, D. C., for defendant.

Richard Gins, Silver Spring, Md., for trustee.

## ORDER AVOIDING LIEN

PAUL MANNES, Bankruptcy Judge.

The issue presented in this case is whether Debtors may, after having received their discharge in bankruptcy, file a post-discharge complaint to avoid a lien under 11 U.S.C. § 522(f).

Schedule A–3 to Debtors' joint petition filed on October 17, 1979, listed as the very first item a "judgment-attachment, 1976–1978, goods & services. Joint, Husband and Wife $2,951.63" owing to Bank Americard (VISA). On December 29, 1979, Defendant, First and Merchants National Bank, filed a secured claim in the amount of Two Thousand Nine Hundred Fifty-One and 81/100 Dollars ($2,951.81) reciting a judgment in the District Court of Maryland for Montgomery County, Case CV–611917–78, recorded among the judgment records as Lien No. 8635. There was also filed a priority claim by the Internal Revenue Service in the amount of Eleven Thousand Seven Hundred Twenty-Seven and 68/100 Dollars ($11,727.68) which was in excess of the amount held by the Trustee. Thus, the unsecured creditors received nothing in distribution.

On April 16, 1980, the Trustee filed an application to compromise a claim of the estate against the Debtors. The Trustee determined, as supported by a qualified appraisal, that the Debtors had an equity of Twenty-One Thousand Eight Hundred Twenty-Six and 36/100 Dollars ($21,826.36) in their residential real property. After giving due consideration to Debtors' claimed exemption of Fifteen Thousand Dollars ($15,000.00), Judge Goldburn of this court passed an Order authorizing the Trustee to compromise his claim against the Debtors by accepting Seven Thousand Dollars ($7,000.00) for the estate's equity in the real estate. The court determined that there was no need for notice to be given to creditors of the passage of the Order.

The parties stipulated in open court that there were no facts in dispute. Defendant agrees with the Sixty Thousand Dollars ($60,000.00) valuation of the subject real property. Defendant's claim was duly filed, and there was no distribution to unsecured creditors out of the estate because of the priority claim of the Internal Revenue Service. The Trustee distributed Seven Thousand Dollars ($7,000.00) to the Internal Revenue Service minus his statutory commission and expenses.

Plaintiff seeks pursuant to 11 U.S.C. § 522(f) to declare the existing judicial lien a nullity because it impairs Debtors' exemption under 11 U.S.C. § 522(b)(1). Had Debtors filed their complaint to avoid this judgment lien prior to their discharge, relief would have followed as the lien falls squarely within the language of § 522(f)(1). Defendant argues that a debtor failing to file a complaint under § 522(f) prior to the discharge hearing is forever barred from relief under that section thereafter. Defendant cites *In re Adkins*, 7 B.R. 325 (Bkrtcy.S.D.Cal.1980) and *Matter of Krahn*, 10 B.R. 770 (Bkrtcy.E.D.Wisc.1981) in support of this proposition.

This issue was considered by Judge Lebowitz of this District. *In re Butler*, 5 B.R. 360 (Bkrtcy.Md.1980). There, Judge Lebowitz reviewed the status of Maryland judicial liens and their avoidance under 11 U.S.C. § 522(f). There is, as noted in *Butler*, no time limitation within which the lien

may be avoided. Further, 11 U.S.C. § 350 permits the reopening of a case "to accord relief to the debtor, or for other cause." It is therefore proper to permit this matter to be reopened for the purpose of according the relief to Debtors to which they are entitled. The court follows the authority of the Maryland case cited above and rejects the reasoning of the other cited cases. While there is some benefit to have finality as set forth in *Krahn* and *Adkins*, this is outweighed by the desire to accord complete relief. Were the ruling otherwise, Defendant would obtain a windfall and would advance ahead of all other creditors. Debtors would be denied avoidance of a lien that all agree fell within the reach of the Code.

It is, therefore, this 19th day of March, 1982, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That the lien obtained by a judgment in favor of First and Merchants National Bank in the District Court of Maryland for Montgomery County, Case CV–611917–78, recorded among the judgment records as Lien No. 8635, against the Debtors, Wilbert Leroy Johnson and Gloria Constantia Johnson, is null, void and of no force and effect.