**In re Oscar Cornelius DOSS and Opal Mason Doss, Debtors.**

**Oscar Cornelius DOSS and Opal Mason Doss, Plaintiffs,**

v.

**CIT AND TOWER LOAN OF MISS., INC., Defendants.**

**Bankruptcy No. S81–10258.**
**Adv. No. S81–1166.**

United States Bankruptcy Court, N.D. Mississippi.

March 4, 1983.

Judgment of United States District Court Entered March 7, 1983.

Jackson M. Brown, Starkville, Miss., for plaintiffs.

William J. Lutz, Jackson, Miss., for Tower Loan of Miss., Inc.

## MEMORANDUM OPINION

EUGENE J. RAPHAEL, Bankruptcy Judge.

On May 26, 1981, debtors, Oscar Cornelius Doss and Opal Mason Doss, husband and wife, filed their joint voluntary chapter 7 petition in bankruptcy. Under schedule B–4 attached to said petition the "husband" claimed as federal exemptions certain household goods valued at $1,250.00, a Dodge truck valued at $1,200.00 and a lawn mower valued at $200.00. The "husband" specified as the statute creating the exemption "522(d)". The "wife", claiming her exemption under state law, designated the homestead in Webster County, valued at $30,000.00, as exempt under "85–3–1". The aggregate claimed for husband and wife exemptions was $32,650.00.

On June 9, 1981, a first meeting of creditors was held pursuant to 11 U.S.C. section 341. At said meeting of creditors the trustee announced the abandonment of certain household goods in which defendants allegedly held non-possessory, non-purchase money security interests.

On June 17, 1981, plaintiffs filed their joint complaint against defendants herein, praying that this court avoid any liens which would impair exemptions claimed in debtors' schedules pursuant to 11 U.S.C. section 522(f)(2). There was also included in said complaint a formal written objection to the abandonment of the collateral under defendants' aforementioned alleged non-possessory and non-purchase money liens. However, the trustee was not named as a party defendant. Summonses requiring the filing of answers or motions on or before July 17, 1981, were issued on June 17, 1981. Certification of service by mail on each defendant was filed on June 24, 1981.

In the meantime, defendant Tower Loan of Miss., Inc. (hereafter Tower), filed its answer and affirmative defenses on June 23, 1981, incorporating therein said defendant's counterclaim praying that the court enter an order finding that the property described in said counterclaim (the property in controversy herein) is property in which the debtors' interest exceeds $200.00 in value and therefore is not subject to the avoiding powers of section 522(f) and that the court direct that debtors turn said property over to Tower immediately. Defendant CIT did not answer or otherwise plead within the time fixed by said summons, and defendant CIT has not sought any extension of time within which to answer or otherwise plead. Defendant CIT has remained in default since July 17, 1981.

On July 23, 1981, plaintiffs filed their answer to the aforementioned affirmative defenses and counterclaim.

The trial of this adversary proceeding as between plaintiffs and defendant Tower was conducted on July 30, 1981. At the conclusion of the trial the court reserved its decision.

On August 31, 1981, at a time when this case had not been closed and when judgment had not been entered in this adversary proceeding, debtors filed an amendment to their exempt property schedule B–4 pursuant to Bankruptcy Rule 110. Said amendment amended only the reference to household goods which appeared in the original schedule B–4 and the total exemptions claimed. Under the amended schedule the statutory basis asserted became "522(d)(3) and (5)", and the value of the household goods exemption claimed became $8,150.00. The revised total of the aggregate exemptions claimed by both husband and wife became $41,550.00. Said amendment further stated: "All other listed exemptions to remain the same." The letter of debtors' attorney dated August 26, 1981, transmitting said amended schedule B–4 for filing indicated that a copy of same was provided to counsel of record for defendant Tower. Plaintiffs' brief filed with the court on September 22, 1981, also referred to the filing of said amended B–4 schedule and included a certificate of ser-

vice of a copy of said brief on counsel of record for defendant Tower. To the date of this memorandum opinion defendant Tower has filed no objection to the said amendment to debtors' schedule B–4.

On February 18, 1980, after having been loan customers of Tower for many years, plaintiffs borrowed $2,625.00 from defendant Tower under a promissory note and security agreement in which the collateral consisted of certain household furnishings, household goods, and appliances held primarily for the personal, family, or household use of debtors. According to the copy of said promissory note and security agreement introduced into evidence, the borrower plaintiffs represented and warranted the value of said personalty to be $7,990.00. The value of $7,990.00 was consistent with itemized valuations aggregating $7,990.00 noted on the reverse side of the credit application prepared in connection with said loan. Plaintiffs testified that several of said listed items had either burned, worn out and been discarded, or had been stolen several years before the date of the promissory note and security agreement dated February 18, 1980. Plaintiffs contended that such diminution of collateral had been reported from time to time to defendant Tower in connection with earlier loans, but Tower disputed such contention.

At the trial of this adversary proceeding plaintiffs asserted that none of said items had a current value of more than $200.00, but defendant Tower countered that several of the remaining items had a current "forced sale" value in excess of $200.00 each. None of the valuation opinions fixed the date of valuations as being contemporaneous with the May 26, 1981, filing date of the chapter 7 petition. However, the valuation dates seemingly utilized by plaintiffs and defendant Tower were fixed in point of time approximately two months after the filing of said petition. Neither plaintiffs nor defendant Tower contended that the remaining personalty should bear valuations in excess of $7,900.00 as of the filing date of said chapter 7 petition.

The proof is uncontradicted that the balance remaining unpaid on said loan of February 18, 1980, as of the date of filing of said chapter 7 petition was $1,575.00.

11 U.S.C. section 522(*l*), inter alia, provides as follows:

"The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section . . . unless a party in interest objects, the property claimed as exempt on such list is exempt."

Bankruptcy Rule 110, inter alia, states: "A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed. . ."

The 1978 Bankruptcy Code comment following Bankruptcy Rule 403 in the 1981 Collier Pamphlet Edition of Bankruptcy Rules, Part II, includes the following pertinent comment:

"The debtor's claim of exemptions is governed by 11 U.S.C. section 522(*l*). Under that section: . . .

No time for filing objections to the debtor's claim of exemptions is specified. . ."

■ Inasmuch as defendant Tower has filed no objection to the aforementioned debtors' amended claim of exemptions under schedule B–4 since first receiving notice of such amendment on August 26, 1981, or since being reminded of same in plaintiffs' brief filed on September 22, 1981, bearing a certificate of service dated September 21, 1981, the court concludes that more than a reasonable period of time for the filing of such an objection has elapsed and that defendant Tower can no longer be heard to object. Accordingly, this court's decision in this adversary proceeding must be based on debtors' amended claim of exemptions for household goods on the claimed valuation basis of $8,150.00 pursuant to 11 U.S.C. section 522(d)(3) and (5).

■ The amended claim of household goods exemption renders moot almost all of the valuation testimony adduced at the trial. The only remaining question for decision by this court is the legal question of

whether or not said amended claim of exempt household goods is lawful.

The dispositive answer to the question sub judice is found in the persuasive decision of the United States Bankruptcy Court for the Northern District of Georgia in *In the Matter of Boozer*, 6 B.C.D. 529, 4 B.R. 524 (1980), wherein the court's decision included, inter alia, the following:

"Under Section 522(d)(3) of the Bankruptcy Code a debtor may exempt his interest, not to exceed $200.00 in value in any particular item, in household furnishings, household goods, appliances and other specifically enumerated items that are held primarily for the personal, family and household use of the debtor or a dependent of the debtor. Defendant does not dispute the Plaintiffs' right to this exemption. However, Plaintiffs want to exempt any interest in their household goods, household furnishings and appliances under Section 522(d)(5) of the Bankruptcy Code.

■ Section 522(d)(5) reads:

"(d) The following property may be exempt under sub-section (b)(1) of this section: ... (5) the debtor's aggregate interest, not to exceed in value $400.00 plus any unused amount of the exemption provided under Paragraph (1) of this sub-section, in any property."

Defendant contends that Plaintiffs may not use the spillover exemption provided for in Section 522(d)(5) to exempt Plaintiffs' interest in household goods, household furnishings or appliances which exceeds $200.00 in value.

According to the terms of Section 522(d)(5), the exemption provided therein may be applied to any property. There is no limitation or restriction of any kind with regard to the type of property which may be exempt under this section.

Although case law concerning this issue is sparse, the Courts which have interpreted Section 522(d)(5) have given it a liberal construction. In the case of *In Re: Bagley*, 5 B.C.D. 901 [1 B.R. 116] (E.D.Pa.1979) the debtor was allowed to exempt a car valued at $2,500.00. The Court permitted the debtor to use the allowance in Section 522(d)(5) to exempt the excess value over the $1,200.00 exemption in one motor vehicle provided for in Section 522(d)(2).

In the case of *In Re: Upright* [1 B.R. 694], 5 B.C.D. 1124 (N.D.N.Y.1979) the debtor was allowed to use Section 522(d)(5) to exempt business inventory. The court held that there was no limitation in Section 522(d)(5) with respect to the character of the property eligible for the spillover exemption.

The Court agrees with the holding of *In Re: Bagley, supra* and *In Re: Upright, supra* and accordingly concludes that Plaintiffs may exempt their interest in the household goods, household furnishings and appliances which exceeds $200.00 in value under Section 522(d)(5) of the Bankruptcy Code.

The Court must now determine whether Plaintiffs may avoid defendant's lien on the property involved herein under Section 522(f)(2)(A) of the Bankruptcy Code. The pertinent part of Section 522(f)(2)(A) reads:

■ "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under sub-section (b) of this section, if such lien is—

(2) A non-possessory, non-purchase money security interest in any—

(A) Household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household of the debtor or a dependent of the debtor;" . . .

It is undisputed that the property involved in the instant case consists of household goods, household furnishings and appliances. Therefore, plaintiffs may avoid Defendant's lien to the extent the lien impairs the exemptions to which Plaintiffs are entitled under Section

522(b) of the Bankruptcy Code... The exemption provided for in Section 522(d)(5) of the Bankruptcy Code may be used to exempt property of any character... Plaintiffs may utilize Section 522(d)(5) to exempt their interest in the household furnishings, household goods and appliances which exceeds $200.00 in value... As the property involved herein consists of household goods, household furnishings and appliances, the Plaintiffs may avoid defendant's nonpossessory, non-purchase money security interest in said property to the extent that this security interest impairs the exemptions to which Plaintiffs are entitled..."

Applying the principles enunciated in *In the Matter of Boozer, supra,* to the case sub judice, this court is of the opinion that as a matter of law plaintiff debtors are entitled to avoid defendant Tower's lien to the full amount claimed under the amended schedule B–4; namely, $8,150.00.

Accordingly, the judgment in this adversary proceeding will include a default judgment against defendant CIT; will order that the liens of defendant CIT and defendant Tower Loan of Miss., Inc., be avoided; and will deny the prayers of the counterclaim of defendant Tower Loan of Miss., Inc. The judgment will pretermit the issue of abandonment pending the filing of the trustee's response to debtors' formal objection to abandonment. The judgment will provide for notice to the trustee of the pendency of such objection.

The foregoing memorandum opinion sets forth my findings of fact and conclusions of law. A proposed judgment is submitted herewith for signature by a United States District Judge.