**In the Matter of James Edward MARSH, Connie Sue Marsh, Debtors.**

**Bankruptcy No. 87–30483–RKR.**

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

Aug. 2, 1988.

Robert A. Spahr, Peru, Ind., for debtors.

David E. Rosselot, Kokomo, Ind., for Norwest Financial Services.

J. Richard Ransel, Mishawaka, Ind., Trustee.

## ORDER

ROBERT K. RODIBAUGH, Senior Bankruptcy Judge.

This matter came before the Court on motion of Norwest Financial Services (Creditor) to reconsider this Court's order of August 20, 1987, which found that the nonpossessory, nonpurchase-money security interest of lienholder Norwest Financial

Services in the debtors' personal property should be avoided to the extent that said lien impaired debtors' exemptions to such personal property.

Debtors filed their voluntary petition under Chapter 7 of the Bankruptcy Code on March 26, 1987, and were granted discharges on June 23, 1987. Shortly thereafter, on July 13, 1987, debtors filed their motion under 11 U.S.C. § 522(f) to avoid Creditor's nonpossessory, nonpurchasemoney security interest in their household and personal goods. Notice was given to interested parties with an opportunity to object to the motion. No objection having been filed, the Court did on August 20, 1987, grant the motion avoiding the Creditor's lien in debtors' personal property to the extent that it impaired their exemptions therein. On September 23, 1987, the Creditor filed its motion to reconsider the Court's action which is now the subject of this order.

The Creditor's motion to reconsider stated that the Court's decision seemed to be contrary to current law and logic, citing the case of *Hawkins v. Landmark Finance Co.*, 727 F.2d 324 (4th Cir.1984), and Judge Bayt's [1] ruling in *In re Rodney and Linda Douglas*, IP84–700. While the Court does not have access to Judge Bayt's unpublished opinion, the *Hawkins* case primarily stands for the proposition that the Bankruptcy Court did not abuse its discretion in refusing to reopen debtors' Chapter 7 case

to permit the debtors to file a motion under § 522(f).[2] This is not our situation in that the debtors' case herein was never closed.

■ The question in this proceeding is whether there is a time limit within which debtors must institute a § 522(f) motion to avoid a nonpossessory, nonpurchase-money lien to the extent that it impairs the exemptions debtors have claimed on their Schedule B–4. Creditor contends that such motion must be filed prior to discharge of the debtor.

As was to be expected, the bankruptcy courts have not been unanimous in answering this question.[3] 11 U.S.C. § 522(f) provides as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchasemoney security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

---

1. United States Bankruptcy Judge, Southern District of Indiana.

2. The *Hawkins* Court adopted the view that the nondeterminative language of the statute allows bankruptcy courts to use equitable discretion in deciding whether a debtor should be allowed to reopen a closed case in order to avoid a lien. 727 F.2d at 326.

3. As the *Hawkins* Court explained, bankruptcy courts have taken three different views as to whether a lien may be filed post-discharge. *Hawkins*, 727 F.2d at 326 and nn. 3–5. Some courts hold that the debtor has a right to avoid a lien by § 522(f) motion at any time subsequent to his discharge. *Id.* at 326 and n. 3 (citing *Montney v. Beneficial Finance Co. of Michigan* (*In re Montney*), 17 B.R. 353 (Bankr.E.D.Mich. 1982) and *In re Newton*, 15 B.R. 640 (Bankr.W. D.N.Y.1981)). *See also Bennett v. Commercial Credit Plan* (*In re Bennett*), 13 B.R. 643, 645

(Bankr.W.D.Mich.1981) and *Butler v. General Electric Credit Corporation* (*In re Butler*), 5 B.R. 360, 363 (Bankr.D.Md.1980).

Another group of courts hold that a debtor may never file a post-discharge motion under · § 522(f). *Id.* at 326 and n. 4 (citing *In re Porter*, 11 B.R. 578 (Bankr.W.D.Okl.1981);. *In re Krahn*, 10 B.R. 770 (Bankr.E.D.Wis.1981) and *In re Adkins*, 7 B.R. 325 (Bankr.S.D.Cal.1980)).

The final group of courts have ruled that bankruptcy courts by virtue of their equitable powers may use their discretion in determining whether a debtor may file a § 522(f) motion post-discharge. *Id.* at 326 and n. 5 (citing *Towns v. Postal Finance Company* (*In re Towns*), 16 B.R. 949 (Bankr.N.D.Iowa 1982) and *Associates Financial Services v. Swanson* (*In re Swanson*), 13 B.R. 851 (Bankr.D.Idaho 1981)). *See also Tarrant v. Spenard Builders Supply* (*In re Tarrant*), 19 B.R. 360, 362–365 (Bankr.D.Alaska 1982) and *In re Parker*, 64 B.R. 402 (Bankr.M.D.Fla.1986).

**772**

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

Judge George Brody, in *Montney v. Beneficial Finance Co. of Michigan (In re Montney)*, 17 B.R. 353 (Bankr.E.D.Mich. 1982), as amended February 2, 1982, has taken the time to thoroughly research and discuss the question of whether § 522(f) has any time limits impressed upon it within which a debtor must file a § 522(f) motion. Judge Brody has answered this question in the negative and mentions that the only question then to be presented is whether other code sections or equitable considerations should impose a time limit. *Id.* at 356.

■ We can find no language in § 522(f) setting any kind of a time limit, and in the case at hand know of no other code sections or equitable reasons which should bar the debtors' filing of their motion. Debtors' motion to avoid lien was filed less than 30 days after their discharge had been granted. There is no evidence that debtors in any way misled the Creditor, who being listed as a creditor would have been aware that debtors had the right under § 522(f) to modify their lien to the extent that it impaired their exemption. The Creditor has presented no new evidence or citation of authority which if known on August 20, 1987 would have caused the Court not to enter its order modifying Creditor's lien.

Accordingly, motion to reconsider this Court's order of August 20, 1987 is denied. It is

SO ORDERED.