In re Max SUNG HI LIM and Lily Sook Myeng Lim, Debtors.

Bankruptcy No. 80–00215.

United States Bankruptcy Court, D. Hawaii.

Aug. 8, 1980.

See also, Bkrtcy., 7 B.R. 319.

Dennis A. Ing, Harold M. Fong, Honolulu, Hawaii, for creditor.

Steven K. S. Chung, Honolulu, Hawaii, for "Old Colony."

Edward C. Kemper, Honolulu, Hawaii, for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

The Motion to Dismiss Chapter 11 Proceedings, filed by Old Colony Co–Operative Bank, hereinafter "Old Colony", came on for hearing on June 17, 1979, before the undersigned judge of the above–entitled court. Edward C. Kemper appeared on behalf of Debtors, Max Sung Hi Lim and Lily Sook Myeng Lim, Steven K. S. Chung appeared on behalf of Old Colony, Dennis A. Ing appeared on behalf of Hawaiian Electric Company and Harold M. Fong appeared on behalf of Finance Factors, Ltd.

The Court, having reviewed the files herein and having considered the pleadings and memoranda submitted by the parties and the arguments of counsel, and otherwise being fully apprised in the premises, hereby makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. This matter involves the Motion to Dismiss Chapter 11 proceedings filed by Old Colony on May 27, 1980. This present Chapter 11 proceeding was instituted by the filing of a petition by Debtors herein on April 18, 1980.

2. Immediately prior to the filing of the present Chapter 11 petition herein, Debtors were engaged in a Chapter XII proceeding which had been commenced on November 30, 1976 under the former Bankruptcy Act. The Chapter XII proceeding had been com-

menced because Debtors were in default on their obligations to their four largest secured creditors, Massachusetts Mutual Life Insurance Company, AMFAC Financial Corporation, Old Colony and Finance Factors, Ltd.

3. The obligations owing to Old Colony had been in default since April of 1976 and Old Colony had instituted a foreclosure proceeding in July of 1976. At the time Debtors filed their original Chapter XII petition, they had missed seven monthly installments of $9,673.00 each.

4. On February 29, 1980, the aforesaid Chapter XII proceeding was dismissed upon a motion brought by Old Colony. This Court had found that the Debtors had not properly prosecuted the proceeding inasmuch as they had failed to obtain approval and confirmation of a plan of arrangement despite the fact that the original Chapter XII petition had been filed on November 30, 1976, over three and a half years earlier.

5. On March 5, 1980, the trustee in the Chapter XII proceeding and the Debtors filed a joint motion for reconsideration of the order dismissing Chapter XII proceedings and on April 3, 1980, this Court entered Findings of Fact and Conclusions of Law denying said motion for reconsideration.

6. The Order Denying Motion for Reconsideration of the Order Dismissing Chapter XII Proceedings was entered on April 14, 1980. Four days later, on April 18, 1980, Debtors filed the petition instituting this present Chapter 11 proceeding.

7. In the previous Chapter XII proceeding, Debtors requested permission to sell certain of their real property holdings and to pay off the creditors secured thereby without the necessity of having to file a formal plan of arrangement. Debtors promised that, if they were allowed to do so, they would thereafter sell the Big Surf Hotel and pay Old Colony in full. Old Colony, in reliance on Debtors' promise of payment in full, consented to the proposal.

8. In the Chapter XII proceeding, Debtors filed a schedule dated January 14, 1977 showing that they owned 21 pieces of real property with a total market value of $7,023,250.00. Said schedule also showed a total of $4,671,597.00 worth of obligations secured by those 21 pieces of property. During the Chapter XII proceeding, 13 of those properties were sold. Those 13 properties had a market value, according to the aforesaid schedule, of $3,718,250.00, or 53% of all of Debtors' real property holdings.

9. The obligations owing by Debtors and secured by the 13 properties amounted to $3,203,711.00. These obligations, which amounted to 69% of all of the secured claims, were paid in full. Among the secured creditors paid in full were the two largest, Massachusetts Mutual Insurance Company, which was owed $1,149,000.00, and AMFAC Financial Corporation, which was owed $1,028,547.00. Another major secured creditor, Finance Factors, Ltd., was paid $235,905.00 of its total claim of $748,668.00.

10. After Debtors disposed of most of their real estate holdings in the Chapter XII proceeding, they reneged on their promise to pay Old Colony in full. Instead, Debtors attempted to obtain confirmation of a plan whereby Old Colony would be made current and would continue its status as a creditor.

11. Old Colony vigorously objected to Debtors' plan, indicating that it desired nothing short of payment in full as was promised.

12. Presently, there are seven secured creditors who are owed a total of $1,847,756.00. Of these seven, Old Colony is owed $878,403.00, plus interest, costs and attorney's fees.

13. In the present Chapter 11 proceeding, Debtors are again attempting to obtain confirmation of a plan whereby Old Colony would be made current and would continue its status as a creditor. Old Colony objects to the continuation of the present proceeding and to Debtors' plan.

14. Old Colony objects because Debtors had disposed of most of their estate to pay off the creditors secured thereby. Old Colony argues that Debtors cannot avail them-

selves of the new Bankruptcy Code as they are estopped from doing so since Old Colony relied to its detriment on the promises made by Debtors that if Debtors were allowed to dispose of certain of their real property holdings that Old Colony would be paid in full. Debtors have not performed as promised.

15. Old Colony also argues that continuation of the present Chapter 11 proceeding would amount to an unconstitutional taking without just compensation in view of the fact that for almost four years Old Colony has been prevented from prosecuting its foreclosure action in the State Court.

## CONCLUSIONS OF LAW

■ 1. The Bankruptcy Court is a court of equity. Thus, it must seek equity not only for the Debtors, but also for the creditors. In doing so, it must consider the detriment which the creditors have suffered or will suffer during the proceedings. *In re Spicewood Associates*, 445 F.Supp. 564, 573 (N.D.Ill.1977).

2. During the previous Chapter XII proceeding and in this present Chapter 11 proceeding, this Court has continued the restraining order against Old Colony for over 43 months in order to give Debtors an opportunity to present a viable plan that could be confirmed.

3. In the previous Chapter XII proceedings, promises after promises were made by Debtors that Old Colony would be paid in full if it allowed Debtors to dispose of certain of their real estate holdings. To its detriment, Old Colony relied on Debtors' promises and allowed Debtors to dispose of over one–half of their estate and to pay the obligations owing to 69% of the secured creditors. Debtors have not performed as promised.

4. Regardless of whether Debtors would be able to obtain confirmation of a plan of arrangement under the present Chapter 11 proceeding, this court finds that it is inequitable for the Debtors to prefer certain creditors over others. The Debtors have sold over one–half of their estate and paid in full certain secured creditors. The Debtors

promised to sell the Big Surf Hotel and pay Old Colony in full. However, though almost four years have gone–by, Debtors have failed to pay Old Colony as promised in the previous Chapter XII proceeding.

5. Sec. 1112(b) provides that, on request of a party in interest, and after notice and hearing, the court may for cause, convert a Chapter 11 case to one under Chapter 7 or may dismiss the Chapter 11 case. Said section also lists nine causes. But, as set forth in the Legislative History of the Bankruptcy Reform Act of 1978 (P.L. 95–598), the list is non-exhaustive. The court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in each case.

■ 6. This court has the inherent power to safeguard its jurisdictional integrity and may dismiss a case under Sec. 1112 to prevent improper imposition on its jurisdiction. *Matter of Northwest Recreational Activities, Inc.*, 4 B.R. 43, 6 B.C.D. 164 (Bkrtcy.N.D.Ga., per Norton, B.J.).

7. This court gave the Debtors every opportunity to file a viable plan in the previous Chapter XII proceedings. Instead of doing so, the Debtors, after promising Old Colony that it will be paid in full, obtained permission of Old Colony and of this court to sell over one–half of their properties. For failure to file a viable plan and for failure to pay Old Colony in full, after over three and a half years since the petition had been filed, this court dismissed the Chapter XII proceedings.

8. The Debtors used the previous Chapter XII proceedings to pay certain secured creditors in full. The Debtors now seek to proceed with the new Chapter 11 proceeding to avoid paying Old Colony in full after all the promises made in the Chapter XII proceedings. This is an improper imposition of this court's jurisdiction.

■ 9. The court finds that, because of the conduct of the Debtor in the earlier Chapter XII proceedings, it is inequitable to permit the Debtors to further prevent a foreclosure by Old Colony against The Big Surf.

For the foregoing reasons, the court hereby dismisses this case.