**In re Barry Alan SCHULER and Mary Rita Schuler, Debtors.**

Bankruptcy No. 480–00520.

United States Bankruptcy Court,
D. Montana,
Great Falls Division.

Feb. 26, 1981.

Channing J. Hartelius, Great Falls, Mont., for debtors.

Arthur G. Matteucci, Trustee, c/o Swanberg, Koby, Swanberg and Matteucci, Great Falls, Mont.

## ORDER ALLOWING EXEMPTIONS

ORVILLE GRAY, Bankruptcy Judge.

This case arises from a claim of exemptions by the above named debtors in their petition to the following property:

Income tax refunds, to be received for— the years 1976, 1977, 1978 and 1979— $3500.00;

Remainder owing on contract for deed $7500.00.

The exemptions were asked in the voluntary joint petition filed November 26, 1980, and Arthur G. Matteucci, was appointed trustee on December 4, 1980. Meeting of creditors pursuant to 11 U.S.C. Sec. 341(a) was held December 16, 1980. Trustee timely filed his objection to the above exemptions on December 19, 1980. Debtors' attorney, Channing J. Hartelius, Esq., filed his response on January 5, 1981, and counsel have been given opportunity to file briefs. The briefs are now filed by both counsel. There is no dispute as to the facts and the decision is entirely a matter of law.

Trustee relies for authority on the recent case decided in the Central District of Illinois by the U.S. District Judge upholding the decision of the Bankruptcy Judge. These were the companion cases *In re Philip A. Smith, Jr.*, debtor, and *In Re Jeffrey Stephen Pierce and Mary Kathryn Pierce*, at 5 B.R. 500, 6 B.C.D. 667 (D.C.Ill.). The Illinois Court in construing 11 U.S.C. § 522(d)(1) and (5) in effect held that the words "in any property" means only any property described in Section 522. The Court held that Congress did not intend to allow a "wild card" or "unfilled bin" theory of exemptions here to be made up of *any* other kind of property which might exist. Trustee argues that Congress did not intend to place in a catch-all provision, exemptions of any type of property whatsoever, to the tune of the unused Homestead Exemption $7500.00 in subd. (1), plus the $400.00 amount set out in subd. (5). The Illinois District Court disagreed with the text discussion

found in the 15th Edition of Colliers, Volume III, Sec. 522.14. The Illinois District Court said that the 15th Edition of Colliers "is simply overbroad on this point, if any meaning is to be given to the scholarly specification of the new exemptions." In short, the language of Colliers which the Court disagreed with is as follows: "The unused portion of the Homestead Exemption plus the $400.00 may be claimed in any property, be it property that is exempt in excess of the value allowed by a particular paragraph of Sec. 522(d), or property that is otherwise nonexempt."

If the *Smith-Pierce* case were the prevailing view in the Bankruptcy Courts, the trustee's petition would be sound. However, this is the only case that I have been unable to find, or that either counsel has cited me, that holds this position. On the other hand, there are numerous cases under the new code within the past year that hold to the contrary. With this one exception, the bankruptcy courts have held that the exemption provision is to be liberally construed, and that the words selected by Congress "any property" means just that. Various terms have been used to describe this largesse allowed by Congress such as "spillover, grubstake, wild card, and unfilled bin".

I feel one of the strongest cases which represents the weight of authority, and is cited by counsel for debtors, is *In re Nichols*, 4 B.R. 711, 6 B.C.D. 597 (Bkrtcy.E.D. Mich.1980). That case was similar to this in that it involved income tax refunds and wage withholdings, and the question of whether they were property of the estate. The court found that they were and the debtor was permitted, if he selected the federal exemption, to take advantage of the spillover provision of Sec. 522(d)(5). The court concluded that income tax refunds, like any other property, could be exempted under 522(d)(5) to an aggregate amount of $7900.00. The opinion of the Michigan Bankruptcy Court continued, as follows:

"Under the scheme laid out by the Federal bankruptcy exemptions, it is possible for—the debtor to retain ("exempt") a larger amount of property than was possible under the Bankruptcy Act of 1898. Sec. 522(d). While not attempting to enumerate the various types of property which may be exempted by a debtor—, which types are stated as 'any property', it is clear to this court that subject to the stated statutory limits even income tax refunds, wage withholdings and other cash or cash like assets may be exempted. Sec. 522(d)(5)."

Another very strongly worded case, decided in 1979, among the early bankruptcy decisions under the new code, was that of *In re Upright*, 1 B.R. 694, 5 B.C.D. 1124, Bkrtcy.N.D.N.Y. There, the debtor did not own any real property, but rather a flower shop, which he claimed under the combined exemption of $7900.00, Sec. 522(d)(5) and (d)(1). The court went on in its opinion to cite the philosophy of Congress in equating non home owning debtors with the traditional home owner, as follows:

"The trustee's position fails to take account of the fact that the Federal exemption scheme reflects a Federal interest in seeing that a debtor who petitions the Bankruptcy Court for relief comes out with adequate possessions to begin a fresh start. The exemptions made available under subsection (d) enunciate a bankruptcy policy favoring this fresh start. Therefore, where the words are clear and unequivocal the courts should not engraft limitations unexpressed by Congress. The alternative to the homestead exemption was a Congressional recognition that many debtors do not acquire homes or have a small equity. Hence, the $400 figure, plus the spillover from the unused amount of the homestead exemption "in any property" is a reflection of a Congressional intention not to discriminate against the nonhomeowner, or the homeowner with little or no equity. See House Report No. 95–595, 95th Cong., 1st Sess. (1977) 361, U.S.Code Cong. & Admin.News 1978, p. 5787. It was intended that the nonhomeowner could use the $7500.00 homestead exemption for any other property. No limitation was expressed with respect to the

character of the property eligible for the subsection (d)(5) spillover exemption. On the contrary, the phrase 'any property' means just that; the property need not be of the kind otherwise exempt under the various provisions in subsection (d)."

Other recent bankruptcy cases under the new code favorable to debtor's petition are as follows: *In re Boozer*, 4 B.R. 524, 6 B.C.D. 529 (Bkrtcy.N.D.Ga.1980); *In re Laird*, 6 B.R. 273, 6 B.C.D. 998 (Bkrtcy.E.D. Penn.1980); and two recent cases from the Ninth Circuit *In re Collins*, 5 B.R. 675, 6 B.C.D. 834 (Bkrtcy.N.D.Cal.1980); and *In re Ancira*, 5 B.R. 673, 6 B.C.D. 868 (Bkrtcy.N. D.Cal.1980). There Bankruptcy Judge Abrahams rendered the following lucid decision in this regard:

"Thus, although the authors of the Senate Report may not have been precisely aware of what the parties here are calling 'stacking', they were certainly aware of the possible ramifications of the interplay between Sec. 522(b) and 522(m)—yet nothing was done in the Code, as enacted, to alleviate this concern, aside from reduction of the federal exemption to $7500.00.

Apparently the trustee believes that the stacking of the two exemptions is unjust and a windfall to debtors. What is 'unjust' or a 'windfall' is a value judgment, however. Although to some, certain benefits may be unwarranted largess, to others, the same relief may be an essential element of a 'fresh start'. Obviously, Congress intended to grant extensive benefits to debtors through the new Code. In the absence of a clear indication from the Congress as to the limits on these benefits, I do not believe the courts can restrict exemptions, as requested by the trustee, on the basis of their own concepts of fairness and propriety."

I, therefore, find that the clear state of the law as it now exists in the Ninth Circuit is set out in the cases cited by debtors' attorney. The sole exception, from a different circuit, is the Illinois case relied on by trustee.

Congress allowed the State Legislature to "opt out" of the Federal exemptions. (Sec. 522(b)(1)). While 13 states have done so, Montana as yet has not. Whether the Federal exemptions are too liberal is not for this Court to decide, but is rather the province of Congress, or the State Legislature. I am, therefore, bound by the cases cited and must find for the debtors and overrule trustee's objection. This case involves a total requested exemption amounting to $11,000.00: $3500.00 for income tax and $7500.00 remainder on contract for deed. However, this is a joint petition and each debtor is entitled to the Federal exemption of $7900.00. 11 U.S.C. Sec. 302 allows the filing with the Bankruptcy Court of a single petition by an individual and spouse. There was no explicit provision under the 1898 Act. 11 U.S.C. 522(b) allows an individual debtor to exempt property from the estate either under the Federal exemption or the State Law in his domicile. Each individual spouse has an individual exemption even though it is a joint filing. Thus, Congress has allowed what has been called "stacking" of exemptions, as already referred to in the *Ancira* case above. I, therefore, find that the two debtor-spouses are entitled to the exemptions asked for the income tax refunds and the balance of contract for deed payments.

WHEREFORE, IT IS ORDERED:

1. That the exemptions asked by the joint debtors to the amount of $3500.00 for income taxes and $7500.00 for interest in Contract for Deed set out above be and the same are hereby allowed and that trustee's objection is denied.

2. That copy of this order be mailed forthwith to Arthur G. Matteucci, Esq., trustee and Channing J. Hartelius, Esq., attorney for debtors.