In re James S. HARRISON, Sr., Debtor.

Bankruptcy No. 81-00759A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Aug. 13, 1981.

J. Sam Plowden, Atlanta, Ga., Trustee.

Paul C. Parker, Decatur, Ga., for respondent.

ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On February 23, 1981, the above-referenced debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On April 21, 1981, the debtor converted his Chapter 7 proceeding to a proceeding under Chapter 13 of the Bankruptcy Code. The debtor listed as exempt property $5,200.00 in cash on hand at the date of the filing of his initial petition. On May 12, 1981, the trustee filed his application for a temporary restraining order seeking to prohibit the debtor from disposing of any of the $5,200.00 in cash which the debtor claimed as exempt property. The Court granted the trustee's application for a temporary retraining order.

On July 28, 1981, a hearing was held at which time the debtor was to show cause why the $5,200.00 in cash which he claimed as exempt should not be paid to the trustee for distribution to creditors. The issue raised at that hearing was whether Georgia Code Annotated § 51-1301.1(a)(6) allowed the debtor to claim the above-mentioned property as exempt. Georgia Code Annotated § 51-1301.1 reads in relevant part as follows:

"(a) In lieu of the exemption provided in § 51-1301 or 51-101, any debtor who is a natural person may exempt, pursuant to this chapter, for purposes of bankruptcy, the following property:

(1) The debtor's aggregate interest, not to exceed $5,000.00 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor; and

(6) The debtor's aggregate interest, not to exceed $400.00 in value plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property;"

The phrase "in any property" contained in Georgia Code Annotated § 51–1301.1(a)(6) is intended to encompass any unused portion of the $5,000.00 homestead exemption contained in Georgia Code Annotated § 51–1301.1(a)(1). The Georgia exemption statute is based on the federal exemption statute contained in 11 U.S.C. § 522. Sections 522(d)(1) and (d)(5) provide that any unused portion of the homestead exemption of subsection (d)(1) may be applied to exempt other property. The legislative history to this section clearly states that its purpose is to keep the exemption statute from discriminating unfairly in favor of the homeowner. H.R.Rep.No. 95–595, 95th Cong., 1st Sess. (1977) 361–2, U.S.Code Cong. & Admin. News 1978, p. 5787. The plain language of Georgia Code Annotated § 51–1301.1(a)(6) is the same as 11 U.S.C. § 522(d)(5) and thus is properly subject to the same interpretation.

In the instant case, cash is within the definition of property; and cash therefore would be included within the scope of the exemption of Georgia Code Annotated § 51–1301.1. See *In re George Thomas Hamilton, Jr.*, Case No. 80–0752A, United States Bankruptcy Court, Northern District of Georgia, Atlanta Division, Drake, B.J. (1981).

Therefore, IT IS ORDERED AND ADJUDGED that the $5,200.00 in cash which the debtor listed as exempt property in his schedules is declared to be exempt property pursuant to Georgia Code Annotated § 51–1301.1 and the temporary restraining order filed in the above-styled proceeding on May 12, 1981 is lifted.

IT IS SO ORDERED.