**In re Leroy WILLIAMS, Debtor.**

**Leroy WILLIAMS, Movant,**

**v.**

**FINANCE ONE, Respondent.**

**Bankruptcy No. A84–04311WHD.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 24, 1985.

Paul C. Parker, Decatur, Ga., for debtor/movant.

Richard V. Karlberg, Jr., Atlanta, Ga., for respondent.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the motion by the above-named Chapter 13 debtor to avoid a lien held by the respondent, Finance One. The debtor brings this motion pursuant to Bankruptcy Code § 522(f)(2)(A). Following a hearing on November 14, 1984, this matter was taken under advisement.

The facts are not in dispute: Finance One filed a claim in the amount of $1,919.80 secured by a nonpurchase, nonpossessory security interest in household goods and furnishings. This personal property is valued at $5,000.00. The question presented is whether the debtor's exemption under Georgia law is limited to $3,500.00, in which case Finance One's claim would be secured to the extent of $1,500.00, or whether the debtor is entitled to exempt the entire value of the personal property.

O.C.G.A. § 44–13–100 provides in relevant part:

(a) In lieu of the exemption provided in Code Section 44–13–1, any debtor who is a natural person may exempt pursuant to this article, for purposes of bankruptcy, the following property:

(1) The debtor's aggregate interest, not to exceed $5,000.00 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor;

&ast; &ast; &ast; &ast; &ast; &ast;

(4) The debtor's interest, not to exceed $200.00 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. The exemption of the debtor's interest in the items contained in this paragraph shall not exceed $3,500.00 in total value;

&ast; &ast; &ast; &ast; &ast; &ast;

(6) The debtor's aggregate interest, not to exceed $400.00 in value plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property;

Under this statute, the debtor may exempt the first $3,500.00 in value of his household goods and furnishings under O.C.G.A. § 44–13–100(a)(4), and the remaining $1,500.00 in value may be exempted pursuant to O.C.G.A. § 44–13–100(a)(6). *See In the Matter of Register,* 37 B.R. 708 (Bkrtcy.N.D.Ga.1983).

Based upon the foregoing, the Court concludes that Finance One's lien impairs the exemptions to which the debtor is entitled under Georgia law. Therefore, the lien shall be and is hereby AVOIDED. This ruling is subject to the decision by the Eleventh Circuit Court of Appeals with respect to the issue of a Chapter 13 debtor's right to utilize the lien avoidance mechanism of Bankruptcy Code § 522(f).

IT IS SO ORDERED.