In the Matter of Roy Lee McGUIRE and
Mary Elizabeth McGuire, Debtors.

Roy Lee McGUIRE and Mary Elizabeth
McGuire, Movants,

v.

LANDMARK FINANCIAL SERVICES,
Respondent.

Bankruptcy No. 86–30115.

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

Oct. 30, 1987.

Lee P. Morgan, Athens, Ga., for movants.

Pamela L. Tremayne, Atlanta, Ga., for respondent.

William E. Tanner, Deputy Trustee, Macon, Ga., for trustee.

## MEMORANDUM OPINION ON MOTION TO AVOID LIEN

ROBERT F. HERSHNER, Jr., Chief Judge.

### STATEMENT OF THE CASE

On March 19, 1986, Roy Lee McGuire and Mary Elizabeth McGuire, Movants, filed a joint petition for relief under Chapter 13 of the Bankruptcy Code.

On April 24, 1986, Landmark Financial Services, Respondent, filed a proof of claim for the amount of $1972.43.[1] Respondent's claim is based in part upon a nonpossessory, nonpurchase-money security interest in a stereo. Respondent's interest has been properly perfected by the filing of a UCC–1 statement.

On October 27, 1986, Movants filed a motion to avoid Respondent's lien against the stereo.[2] Movants contend that Respondent's lien impairs exemptions to which Movants are entitled under Georgia law.[3]

The Court, having considered the evidence and the briefs of counsel, now publishes its findings of fact and conclusions of law.

### FINDINGS OF FACT

The following facts are established by the stipulation of facts filed with the Court on January 20, 1987 and by the briefs submitted by counsel. The facts in this matter are generally undisputed.

Respondent filed a proof of claim for the amount of $1972.43. The claim is secured by perfected security interests in an automobile, a stereo component system, a stereo that is built into a home bar, and two hundred assorted records. The parties have stipulated that Respondent's lien against the automobile is not avoidable. The stereo component system and the two hundred assorted records have an aggregate value of $900, however no individual item has a value greater than $200. Movants claim these items as exempt under Georgia law.[4] Respondent does not challenge these exemptions.

The present controversy centers upon Movants' request to avoid Respondent's lien that is on the stereo which is built into a home bar (stereo). Respondent's lien in this stereo is a nonpossessory, nonpurchase-money security interest. The stereo

---

**1.** Trustee has filed an objection to this claim based upon Respondent's failure to comply with the provisions of section 13–1–11 of the Code of Georgia. O.C.G.A. § 13–1–11 (1982). The Trustee's objection is being held in abeyance pending resolution of the present lien avoidance action.

**2.** See 11 U.S.C.A. § 522(f) (West 1979). For purposes of this action, the parties have stipulated that the stereo is a household furnishing.

**3.** See O.C.G.A. § 44–13–100 (1982). Georgia has elected to opt-out of the federal exemption provisions. See 11 U.S.C.A. § 522(b) (West 1979 & Supp.1987); O.C.G.A. § 44–13–100(b) (1982).

**4.** See O.C.G.A. § 44–13–100(a)(4) (1982). Section 44–13–100(a)(4) provides:

(a) In lieu of the exemption provided in Code Section 44–13–1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:
....
(4) The debtor's interest, not to exceed $200.00 in value in any particular item, in household furnishings ... that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. The exemption of the debtor's interest in the items contained in this paragraph shall not exceed $3,500.00 in total value;

O.C.G.A. § 44–13–100(a)(4) (1982).

has a value of $600. For purposes of this proceeding, the parties have stipulated that the stereo is a household furnishing.

On January 26, 1987, Movants filed an amendment to their Chapter 13 petition. In the amendment, Movants claim the entire value of the stereo as exempt property pursuant to a combination of subsections (a)(4)[5] and (a)(6)[6] of section 44–13–100. Movants thus assert that Respondent's lien against the stereo is void under section 522(f)(2)(A) of the Bankruptcy Code.[7]

### CONCLUSIONS OF LAW

■ The issue before the Court requires the Court to interpret the phrase "any property" in section 44–13–100(a)(6) of the Georgia Code. Subsection (a)(6) provides:

> (a) In lieu of the exemption provided in Code Section 44–13–1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:
>
> ....
>
> (6) The debtor's aggregate interest, not to exceed $400.00 in value plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property;

O.C.G.A. § 44–13–100(a)(6) (1982). Section 522(d)(5)[8] of the Bankruptcy Code is virtually identical to section 44–13–100(a)(6). Since the Georgia exemption statute tracks the federal exemption provisions except for the dollar limitations, the legislative history of the federal provisions and cases interpreting the federal provisions provide some guidance for the Court.

According to the legislative history of section 522, the purpose of subsection (d)(5) is to grant nonhomeowners an exemption equal in value to that of homeowners. H.R.Rep. No. 595, 95th Cong., 1st Sess. 361, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6317. Courts that have interpreted the phrase "any property" in subsection (d)(5) have generally given the phrase a liberal construction and have permitted the exemption to be applied against any property that has become property of the bankruptcy estate under section 541.[9] *See Finance One v. Bland (In re Bland)*, 793 F.2d 1172 (11th Cir.1986); *Augustine v. United States*, 675 F.2d 582 (3d Cir.1982); *In re Smith*, 640 F.2d 888 (7th Cir.1981); *In re Schuler*, 13 B.R. 478, 7 Bankr.Ct.Dec. 503 (Bankr.D.Mont.1981); *Boozer v. Kennesaw Finance Co. (In re Boozer)*, 4 B.R. 524, 6 Bankr.Ct.Dec. 529, 2 Collier Bankr.Cas.2d 435 (Bankr.N.D.Ga. 1980).

If Congress had intended the exemption in subsection (d)(5) to be applied only against types of property not covered by the other exemption provisions, Congress easily could have drafted subsection (d)(5) to accomplish such an intent. "It makes no sense to limit the type of property that may be applied to the general exemption without a clear statement of Congressional intent to do so." *In re Smith*, 640 F.2d at 891. Thus, courts have generally allowed the exemption in subsection (d)(5) to be applied against any property of the bankruptcy estate, regardless of whether the property was partially exempt under another paragraph of section 522(d). This interpretation of the federal exemption scheme is also adopted by Collier on Bankruptcy, which states:

> The debtor is allowed a general exemption of $400 plus up to $3750 of the unused portion of the homestead exemption. The purpose of this exemption is to prevent discrimination against nonhomeowners. The homeowner who uses the full amount of the homestead exemption, however, is still entitled to the $400 exemption. If, for example, there is an

---

**5.** *Id.*

**6.** Subsection (a)(6) of section 44–13–100 provides that a debtor may exempt "[his] aggregate interest, not to exceed $400.00 in value plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property...." O.C.G.A. § 44–13–100(a)(6) (1982).

**7.** 11 U.S.C.A. § 522(f)(2)(A) (West 1979).

**8.** 11 U.S.C.A. § 522(d)(5) (West Supp.1987).

**9.** 11 U.S.C.A. § 541 (West 1979 & Supp.1987).

item of furniture that has a value greater than $200, thus not exempt under the household furnishings exemption of paragraph (3), the debtor may apply the $400 toward this furnishing. $3750 of the unused portion of the homestead exemption plus the $400 may be claimed in any property, be it property that is exempt in excess of the value allowed by a particular paragraph of section 522(d), or property that is otherwise nonexempt.

3 *Collier on Bankruptcy* ¶ 522.14 (15th ed. 1987) (footnotes omitted).

■ The Court finds the foregoing analysis of section 522(d)(5) to be equally applicable to Georgia's general exemption provision found in section 44–13–100(a)(6) of the Code of Georgia. *Accord In re Harrison*, 13 B.R. 293, 294 (Bankr.N.D.Ga. 1981). Subsection (a)(6) is designed to prevent the exemption statute from discriminating unfairly against nonhomeowners. Movants have not used the homestead exemption available to them under section 44–13–100(a)(1) of the Georgia Code, thus the entire homestead exemption plus $400 is available to them under subsection (a)(6).

Under the provisions of subsection (a)(6), Movants are entitled to exempt their interest in "any property" up to a value of $5,400.[10] As discussed earlier, the phrase "any property" refers to property of the bankruptcy estate as defined by section 541. It is undisputed that the stereo is property of the bankruptcy estate. The parties have stipulated that the stereo is a household furnishing. Therefore, Movants are entitled to exempt their interest in the stereo up to $200 under subsection (a)(4) of section 44–13–100. Movants may exempt the remaining $400 value of the stereo under subsection (a)(6). *Cf. Williams v. Finance One (In re Williams)*, 45 B.R. 789, 790 (Bankr.N.D.Ga.1985). Thus, the Court concludes that Movants may claim as exempt the entire value of the stereo.

Section 522(f)(2)(A) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings ... that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

11 U.S.C.A. § 522(f)(2)(A) (West 1979). Respondent's lien is a nonpossessory, nonpurchase-money security interest. The stereo is a household furnishing. The Court has determined that Movants are entitled to exempt the full value of the stereo, therefore Respondent's lien impairs an exemption to which Movants are entitled. Respondent's lien may be avoided under section 522(f)(2)(A).

An order in accordance with this opinion is attached hereto.

### ORDER

Based upon the attached and foregoing findings of fact and conclusions of law; it is

ORDERED that the nonpossessory, non-purchase-money security interest of Landmark Financial Services, Respondent, in the stereo, which is built into a home bar, of Roy Lee McGuire and Mary Elizabeth McGuire, Movants, be, and the same hereby is avoided; and it is further

ORDERED that this order be entered on the docket on the date set out below.

SO ORDERED.

---

**10.** Under section 44–13–100 of the Georgia Code, a debtor is entitled to exempt his interest in his residence up to a value of $5000. O.C.G.A. § 44–13–100(a)(1) (1982).