Rule 7052 of the Rules of Bankruptcy Procedure.

**In re Ronald J. WOODWORTH, Debtor.**

**Bankruptcy No. 93–90073.**

United States Bankruptcy Court,
C.D. Illinois.

March 30, 1993.

Steve Miller, Trustee, Danville, IL.

Roger L. Prillaman, Urbana, IL, for debtor.

## OPINION

GERALD D. FINES, Bankruptcy Judge.

This matter having come before the Court on an Objection to Claimed Exemption filed by the Trustee, Steve Miller, and upon a Response thereto filed by the Debtor; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Findings of Fact

1. The Debtor, Ronald J. Woodworth, formerly doing business as R & M Transport, filed for relief under Chapter 7 of the Bankruptcy Code, on January 21, 1993.

2. On Schedule C of his bankruptcy petition, the Debtor sought to exempt a one-third remainder interest in approximately 160 acres of farm land in Tolono, Illinois, which was subject to a life estate of the Debtor's mother, Margaret Woodworth, age 62.

3. The Debtor claimed an exemption in the one-third remainder interest pursuant to Ill.Rev.Stat., Chap. 110, ¶ 12–1001(b), commonly referred to as the "wild card" exemption. The Debtor's bankruptcy Schedule C indicates that he has $1,677 available under the "wild card" exemption. Although the Court has no specific evidence as to the value of the one-third remainder interest, the Debtor estimates that the value is no greater than his available "wild card" exemption.

4. On February 26, 1993, the Trustee filed an Objection to the Debtor's claim of exemption of the one-third remainder interest asserting that the interest is in real property and, as such, the personal property exemption as afforded under ¶ 12–1001(b) is inappropriate.

### Conclusions of Law

▮ In support of his position that the "wild card" exemption may be used to exempt the value in a one-third remainder interest in real estate, the Debtor cites *In re Johnson*, 57 B.R. 635 (Bankr.N.D.Ill. 1986), in which Judge Ginsberg indicated that the language of the Illinois personal property "wild card" exemption provision under Ill.Rev.Stat., Chap. 110, ¶ 12–1001(b),

was virtually identical to that of the federal "wild card" exemption provision under 11 U.S.C. § 522(d)(5) and should be interpreted broadly. Judge Ginsberg's decision was based squarely upon a decision reached by the Seventh Circuit Court of Appeals in *In re Smith*, 640 F.2d 888 (7th Cir.1981), in which the Seventh Circuit examined the federal "wild card" exemption under § 522(d)(5) of the Bankruptcy Code and found that that "wild card" exemption should be given broad interpretation so that it could be used to exempt property other than personalty. In *Smith*, the Court focused upon the phrase "any property" which is found in § 522(d)(5) of the Code. In examining that statute and the legislative history, the Court could find no qualifying term to limit the meaning of "any property." Supporting his opinion in *Johnson*, Judge Ginsberg noted that the only difference between the federal "wild card" exemption and the exemption afforded under the Illinois "wild card" provision was that § 522(d)(5) refers to "any property," while the Illinois "wild card" provision refers to "any other property." Judge Ginsberg found that the word "other" seemed to clearly allow a Debtor to go outside the exemption law itself to find personal property to claim as exempt. The facts in *Johnson* are dissimilar to the facts in the present case, in that *Johnson* dealt with personal property, whereas the instant case deals with real property. However, reading the *Smith* case broadly, the Court recognizes that *Smith* seems to indicate that the federal "wild card" exemption, under § 522(d)(5), would encompass all property included in the bankruptcy estate rather than just personal property.

The Court has located two other cases which support a broad reading of the "wild card" exemptions in their respective states; those cases being *In re McGuire*, 132 B.R. 803 (Bankr.M.D.Ga.1987), and *In re Mutchler*, 95 B.R. 748 (Bankr.D.Mont.1989). Both of these cases cite *In re Smith*, supra, and, pursuant to the logic of *Smith*, broadly interpret the phrase "any property" found in their respective statutes. However, unlike the present case, neither *McGuire* or *Mutchler* involved real property.

In reviewing the Illinois "wild card" exemption which is found at Ill.Rev.Stat., Chap. 110, ¶ 12–1001, the Court finds that the general heading of this paragraph is "Personal property exempt," and that the preamble to ¶ 12–1001 states: "Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment or distress for rent:" Subparagraph (b) states, in conjunction with the preamble, that "the debtor's equity interest, not to exceed $2,000 in value, in any other property;" is exempt. The general language of ¶ 12–1001 clearly refers to personal property; however, the Court notes that subparagraph (b) does state "any other property," which could be interpreted to refer to property other than personal property. However, when reading this subparagraph in conjunction with the paragraph heading and the preamble to ¶ 12–1001, the Court finds that the legislature was most certainly thinking about any other personal property. This conclusion is further supported by the fact that the statute also reads in its last paragraph as follows: "The personal property exemptions set forth in this section shall apply only to individuals and only to personal property that is used for personal rather than business purposes." This qualifying language makes it clear to this Court that the Illinois "wild card" exemption is not intended to extend to real property. This conclusion is supported by the decision made by Judge Meyers in *In re Nabers*, 102 B.R. 705 (Bankr.S.D.Ill.1989), in which it was held that a debtor could not exempt proceeds of an interest in real property sold in a partition action as, under Illinois law, the proceeds from the sale of real estate in a partition action retained the character of real estate, and, as such, were not proceeds exempt as personal property.

While the Court agrees that exemption statutes should be afforded a broad interpretation to allow for the debtors' fresh start, the Court finds that the cases cited by Debtor do not support his position. The cases cited by the Debtor do not deal with real estate, and, in particular, *In re Smith*,

supra, does not deal with the Illinois statute and the language presently contained therein. The Court would agree that *In re Johnson*, supra, does deal with the Illinois statute and suggests a broad interpretation; however, that case does not deal with the fact situation presented in the case at bar in that *Johnson* was not seeking to exempt an interest in real estate.

 In conclusion, the Court finds that, given the plain meaning of Ill.Rev.Stat., Chap. 110, ¶ 12–1001, it was clearly intended by the legislature that any of the provisions under ¶ 12–1001 were to refer and be applicable to personal property. As such, no exemption is afforded for a debtor's interest in real property. Under the facts of this case, the Court recognizes that the Debtor does not have a homestead exemption available in the real estate in question, and, as such, the value of the Debtor's one-third remainder interest is property of the bankruptcy estate which the Debtor cannot claim as exempt. In light of this finding, the Trustee will be required to determine whether the one-third remainder interest has value to the bankruptcy estate such that a sale of that interest is appropriate or whether the value has an insignificant interest such that abandonment of said interest is in the best interest of the estate.