In the Matter of Randall C. AMBROSE, Kimberly R. Ambrose, Debtors.

**Bankruptcy No. 94–41727.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

March 29, 1995.

William F. Hinesley, III, Savannah, GA.

Sam Vermont, Hinesville, GA.

### *MEMORANDUM AND ORDER ON OBJECTION TO CONFIRMATION*

LAMAR W. DAVIS, Jr., Chief Judge.

This matter comes before the Court on American General Finance, Inc.'s ("American General") objection to confirmation of Debtors' Chapter 13 Plan. Based upon the arguments of counsel, the record in the file, and applicable authorities, I make the following Findings of Fact and Conclusions of Law.

### *FINDINGS OF FACT*

Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 27, 1994. American General filed a proof of claim in Debtors' case indicating that it has a claim against Debtors in the amount of $2,389.90, which is secured by a perfected interest in various household goods owned by Debtors. Norwest Financial, another credi-

tor in Debtors' case, filed a proof of claim indicating that it holds a claim of $1,467.20, which is secured by a purchase money and non-purchase money security interest in certain of Debtors' household goods.

Debtors claim an exemption in many, if not all, of the household goods in which American General and Norwest hold their liens, and propose, as part of their Chapter 13 Plan, to avoid these liens under section 522(f)(2) of the Bankruptcy Code. American General filed, as an Objection to Confirmation of Debtor's Plan, an objection to Debtor's proposal to avoid its lien. A hearing to consider confirmation of Debtors' Plan was held on February 15, 1995, at which counsel for American General indicated his desire that American General's objection to Debtor's Motion to avoid be treated as an adversary proceeding. Accordingly, the court continued the hearing to the March term to allow the parties to conduct discovery.

Debtors subsequently filed an amended "Schedule C—Property Claimed as Exempt". In the schedule, Debtors set forth in detail the household items in which they claim an exemption and the specific provision of Georgia law under which the exemption is asserted. Among the items Debtors claim as exempt are a couch and loveseat, which Debtors value at $800.00, and a washer and dryer, which they value at $400.00. Debtors assert that they are entitled to exempt $200.00 in the couch and loveseat, and $200 in the washer and dryer under O.C.G.A. § 44–13–100(a)(4), and the remaining value of these items, pursuant to the "wildcard" exemption of O.C.G.A. § 44–13–100(a)(6). Debtors do not claim an exemption in any real or personal property that is used as their residence. *See* O.C.G.A. § 44–13–100(a)(1).

Based upon the Debtors' amended schedules, the parties were able to narrow the issue at the continued hearing on American General's objection, held March 20, 1995. Specifically, American General concedes that it holds a nonpossessory and nonpurchasemoney security interest, and as a result, any portion of its interest that impairs Debtors' exemption is subject to avoidance under section 522(f)(2) of the Bankruptcy Code. It does not, however, agree that Debtors are entitled to exempt the full value of either the couch and love seat or the washer and dryer. According to American General, O.C.G.A. § 44–13–100(a)(4) limits Debtors' exemption in those items to $200.00 per item, and as a result, its lien is unavoidable to the extent that the value of these items exceeds $200.00.

Debtors counter that the exemption of section 44–13–100(a)(6) is available to them to cover the difference between the $200.00 per household item limitation of section 44–13–100(a)(4) and the full value of the couch and loveseat and washer and dryer. In support of this argument, Debtors cite *Matter of McGuire,* 132 B.R. 803 (Bankr.M.D.Ga.1987), *aff'd* 132 B.R. 807 (M.D.Ga.1989).

The narrow issue before the court, then, is whether Debtors may add the "wildcard" exemption of O.C.G.A. § 44–13–100(a)(6) to their $200.00 per item exemption under section 44–13–100(a)(4), and thereby fully exempt certain of their household items that exceed $200.00 in value (ie. the couch and loveseat and washer and dryer). For the reasons that follow, I conclude that Debtors are entitled to aggregate their exemptions in such a manner and fully avoid under section 522(f)(2) the nonpossessory nonpurchasemoney liens that encumber these items.

### CONCLUSIONS OF LAW

Section 522(f)(2)(A) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

11 U.S.C. § 522(f)(2)(A).[1] This provision empowers a debtor to avoid a creditor's nonpos-

---

1. Under the Bankruptcy Reform Act of 1994,     former section 522(f)(2) has been renumbered as

sessory, nonpurchase-money lien in a household item or the like, when that lien impairs an exemption that the debtor would otherwise enjoy in the absence of the lien. *See Owen v. Owen,* 500 U.S. 305, 312–13, 111 S.Ct. 1833, 1837–38, 114 L.Ed.2d 350 (1991); *In re Bland,* 793 F.2d 1172, 1175 (11th Cir. 1986); *Matter of John Leon Hunter, Jr.,* Ch. 7 Case No. 92–41510, slip op. at 10 (Bankr. S.D.Ga. October 31, 1994) (Davis, B.J.). Here, there is no question that American General's lien is the sort described in section 522(f)(2). Nor is there any question that the goods at issue are the sort described in section 522(f)(2). Thus, American General's lien is subject to avoidance under section 522(f)(2) to the extent that Debtors have an exemptible interest in these items.

■ The extent of Debtor's exemptible interest is governed by Georgia law,[2] specifically O.C.G.A. § 44–13–100(a), which, in relevant part, provides:

> In lieu of the exemption provided in Code Section 44–13–1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:
>
> (1) The debtor's aggregate interest, not to exceed $5,000.00 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor;
>
> (4) The debtor's interest, not to exceed $200.00 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. The exemption of the debtor's interest in the items contained in

this paragraph shall not exceed $3,500.00 in total value;

> (6) The debtor's aggregate interest not to exceed $400 in value plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.

O.C.G.A. §§ 44–13–100(a)(1), (4) and (6). The extent of Debtors' exemption in the couch and loveseat, and the washer and dryer, depends upon the interplay of these three provisions. Paragraph (1) of subsection (a) provides an exemption of up to $5,000.00 in real or personal property that a debtor or dependent uses as a residence, while paragraph (4) allows a debtor to exempt up to $3,500.00 in household goods and the like, subject to the limitation that no more than $200.00 can be exempted in any single item. Finally, paragraph (6), frequently referred to as the "wildcard" exemption, allows a debtor to use any unused portion of the exemption in paragraph (1), plus $400.00, to exempt his or her interest in *any property.*

Thus, while Debtors concede that the exemption in paragraph (4) is limited to $200.00 per household item, they argue that, because they have not used any of the exemption in paragraph (1), the plain language of paragraph (6) allows them to use the $5,400.00 exemption available thereunder to exempt the remaining value in the couch and loveseat and washer and dryer. American General, on the other hand, argues that such a reading of paragraph (6) effectively nullifies the effect of the $200.00 cap in paragraph (4). Accordingly, American General contends that the wildcard exemption of paragraph (6) cannot be used to override the $200 per item limitation of paragraph (4).

American General's argument is not without merit. Clearly, a debtor's use of paragraph (6) to exempt household items effectively nullifies the protection that paragraph

---

522(f)(1)(B). Debtors' Chapter 13 case was filed prior to the effective date of the Act, however, and as a result, the controlling provision in this case is section 522(f)(2), as it read prior to the passage of the Bankruptcy Reform Act of 1994. This is wholly a technical matter because the Act did not substantively alter section 522(f)(2), now 522(f)(1)(B).

**2.** Georgia has opted out of the federal exemption scheme found in section 522(d) of the Bankruptcy Code, *see* O.C.G.A. § 44–13–100(b), and thus, a debtor who files bankruptcy while domiciled in Georgia is limited to the list of exemptions found in O.C.G.A. § 44–13–100(a).

(4) affords a creditor who lends money secured by an interest in such items. Such an argument, however, is more appropriately made to the Georgia General Assembly because the plain language of the statute dictates that Debtors be allowed to do what they propose. Paragraph (6) is in no way dependent upon or subordinate to the exemption in paragraph (4), and so is not to be read in conjunction with paragraph (4). Thus, the use of the phrase "any property" in paragraph (6) would certainly seem, under a plain-meaning reading of the provision, to include household goods, even those that have been partially exempted under paragraph (4).

■ Moreover, paragraph (6) "is designed to prevent the exemption statute from discriminating unfairly against nonhomeowners." *Matter of McGuire*, 132 B.R. 803, 806 (Bankr.M.D.Ga.1987), *aff'd* 132 B.R. 807 (M.D.Ga.1989). It accomplishes this aim by allowing a debtor who cannot utilize the residential exemption of paragraph (1) to carry the exemption over into any of the debtor's property, and allowing a debtor free reign to use paragraph (6) to exempt household items is completely consistent with such a purpose.

Finally, as Debtors point out, the Bankruptcy Court for the Middle District of Georgia has previously recognized the propriety of the Debtors' proposal in this case. In *McGuire*, the debtors brought a motion under section 522(f)(2) to avoid a creditor's nonpossessory nonpurchase-money lien in a stereo that had a value of $600.00. The debtors contended that the entire lien was avoidable because they claimed a $200.00 exemption in the stereo under O.C.G.A. § 44–13–100(a)(4), and a $400.00 exemption under O.C.G.A. § 44–13–100(a)(6).

The Court, Chief Judge Robert F. Hershner, concluded that the debtors were entitled to exempt the full value of the stereo under sections 44–13–100(a)(4) and (6):

Under the provisions of subsection (a)(6), [the debtors] are entitled to exempt their interest in "any property" up to a value of $5,400. [T]he phrase "any property" refers to property of the bankruptcy estate as defined by section 541. It is undisputed that the stereo is property of the bankruptcy estate ... Therefore, Movants are entitled to exempt their interest in the stereo up to $200 under subsection (a)(4) of section 44–13–100. Movants may exempt the remaining $400 value of the stereo under subsection (a)(6).

*Id.* (citations and footnotes omitted). Accordingly, the court held that all of the creditor's lien against the stereo was avoidable under section 522(f)(2) because it impaired the debtors' exemption under sections 44–13–100(a)(4) and (6). *Id.*

I agree with his rationale and hold that Debtors are entitled to exempt the full value of the loveseat and sofa, as well as the washer and dryer, under O.C.G.A. §§ 44–13–100(a)(4) and (6). As a result, American General's lien in these items is fully avoidable pursuant to section 522(f)(2) because it impairs Debtors' enjoyment of their exemption in these items.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that American General Finance, Inc.'s security interest in Debtors' household goods is hereby declared null and void pursuant to the provisions of 11 U.S.C. § 522(f)(2).